THE PEOPLE OF THE STATE OF NEW YORK, Respondent, *v.* RUTH SNYDER and HENRY J. GRAY, Appellants.

Crimes — murder in first degree — trial — sufficiency of evidence to warrant conviction — separate trials of defendants jointly indicted in sound discretion of trial court — attempted exercise may be reviewed on appeal — test for determination whether defendants jointly indicted shall be separately tried — confession by one defendant, admissible against himself but not against codefendant, not decisive — possibility of injury disappears where own confession shows guilt and codefendant testified at trial to same facts.

1. Upon review of the record of the trial of an indictment charging the defendants with the crime of murder in the first degree, held the evidence to be sufficient to sustain a verdict of conviction.

2. Under section 391 of the Code of Criminal Procedure, providing that defendants jointly indicted may be tried separately or jointly in the discretion of the court, it may be assumed that the Legislature did not intend to leave arbitrary choice to the court. Discretion involves the exercise of a sound judgment and its attempted exercise may be reviewed by an appellate court having jurisdiction to pass upon questions of fact.

3. In determining whether defendants, jointly indicted, shall be separately tried, the courts should apply but one test: Will a separate trial impede or assist the proper administration of justice in a particular case and secure to the accused the right of a fair trial?

4. The fact that one defendant has made a confession which will be admissible against himself but not against a codefendant may be a circumstance which enters into the court's consideration of whether a joint trial would be fair, but that circumstance alone is not decisive. It depends upon the circumstances of the particular case whether a jury can weigh properly the testimony produced upon the various issues that may arise in a joint trial. Possibility of injury to one defendant arising from the presentation to the jury of the confession of the other which accused her, though it might not be properly considered by the jury against her, is not substantial when her own confession shows her guilt. Possibility of such injury disappears when her codefendant at the trial takes the stand and gives testimony of the same allegations which she claimed should not be disclosed to the jury.

(Argued October 24, 1927; decided November 22, 1927.)

APPEAL from a judgment of the Supreme Court rendered May 13, 1927, at a Trial Term for the county of Queens, upon a verdict convicting the defendants of the crime of murder in the first degree.

*Edgar F. Hazleton, Joseph Lonardo* and *Dana Wallace* for Ruth Snyder, appellant. The denial of defendant Snyder's motion for a separate trial was an abuse of discretion, and vitiates the verdict and judgment. (*People* v. *Creasy*, 236 N. Y. 205; *People* v. *Marwig*, 227 N. Y. 382; *U. S.* v. *Marchant*, 12 Wheat. [25 U. S.] 480; *U. S.* v. *Ball*, 163 U. S. 672; *People* v. *Vermilyea*, 7 Cow. 108; *People* v. *Williams*, 19 Wend. 377; *Beazell* v. *Ohio*, 296 U. S. 167; Code Crim. Pro. § 962; *People ex rel. Weeks* v. *Platt*, 173 App. Div. 451; *People* v. *Palmer*, 109 N. Y. 110; *People* v. *Wilson*, 151 N. Y. 403.) A severance is warranted in case a confession is only admissible against one defendant and tends to ' prejudice the jury against the other, or the confessions incriminate one another, or the defenses will be antagonistic, or both. (*People* v. *Klein*, 116 Atl. Rep. 596; *People* v. *Castelli*, 101 Atl. Rep. 476.)

*Samuel L. Miller, William J. Millard* and *Maurice S. Feingold* for Henry J. Gray, appellant. The People failed to establish premeditation and deliberation against the defendant Gray. (*Aszman* v. *State*, 103 Ind. 347; *Atkins* v. *State,* 110 Tenn. 458; *Stokes* v. *People*, 53 N. Y. 164; *People* v. *Conroy*, 97 N. Y. 62; *People* v. *Breen*, 181 N. Y. 483; *People* v. *Clark*, 7 N. Y. 385; *People* v. *Sanducci*, 195 N. Y. 361; *People* v. *Kennedy*, 159 N. Y. 346; *People* v. *Mangano*, 29 Hun, 259; *Stokes* v. *People*, 53 N. Y. 164; *People* v. *Walworth*, 4 N. Y. Crim. 355; *People* v. *Barberi*, 149 N. Y. 256.) The failure to establish premeditation and deliberation by the prosecution as against the defendant Gray renders the verdict arrived at by the jury contrary to the law and the weight of the evidence. (*People* v. *Barberi*, 149 N. Y. 256; *People* v. *Clark*, 7 N. Y. 385.) The prosecution failed to prove intent,

malice or design, against the defendant Gray. (*People* v. *Cain,* 206 N. Y. 202; *People* v. *Sermarco,* 202 N. Y. 225; *People* v. *Barnes,* 202 N. Y. 77; *People* v. *Green,* 201 N. Y. 172; *People* v. *Chiaro,* 200 N. Y. 316; *People* v. *Morse,* 196 N. Y. 306; *People* v. *Schmidt,* 168 N. Y. 568; *People* v. *Egner,* 175 N. Y. 419; *People* v. *Ferraro,* 161 N. Y. 365; *People* v. *Cain,* 200 N. Y. 202.)   Motive was not proved against the defendant Gray and, therefore, intent on his part was not established. (*People* v. *Fitzgerald,* 156 N. Y. 253; *People* v. *Kelly,* 11 App. Div. 495; *People* v. *Harris,* 136 N. Y. 423; *People* v. *Ledwin,* 153 N. Y. 10; *People* v. *Seppi,* 221 N. Y. 62; *People* v. *Chiaro,* 200 N. Y. 316; *People* v. *Johnson,* 139 N. Y. 388; *People* v. *Sanducci,* 195 N. Y. 361; *People* v. *Bennett,* 49 N. Y. 137; *People* v. *Cassata,* 6 App. Div. 386.)

*Richard S. Newcombe, District Attorney* (*Charles W. Froessel* and *James J. Conroy* of counsel), for respondent. The discretion of the trial court in denying defendant Snyder's motion for a separate trial was soundly exercised, was not abused and was in the interest of substantial justice. (*Marchant* v. *U. S.,* 12 Wheat. [25 U. S.] 480; *Beazell* v. *Ohio,* 269 U. S. 167; *State* v. *Klein,* 116 Atl. Rep. 596; *State* v. *Brinte,* 20 Del. 551; *State* v. *Duplechain,* 136 La. Ann. 389; *State* v. *Johnson,* 116 La. Ann. 856; *Commonwealth* v. *Place,* 153 Penn. St. 314; *Akely* v. *Kennicutt,* 238 N. Y. 466.)   Premeditation, deliberation, motive and intent on the part of both defendants was conclusively proven beyond every reasonable doubt. (*People* v. *Sutherland,* 153 N. Y. 345; *People* v. *Feigenbaum,* 148 N. Y. 636; *People* v. *Chiaro,* 200 N. Y. 316.)   The verdict is overwhelmingly supported by the proof, and the jury could have arrived at no other determination. (*People* v. *Becker,* 215 N. Y. 126.)

LEHMAN, J.   On March 20th, 1927, Albert Snyder was killed while lying in bed at his home at Queens Village near Jamaica, New York.   His wife, the defendant Ruth

Snyder, and their young daughter were in the house at the time. The child's sleep was unbroken till Ruth Snyder awoke her some hours after Snyder was killed. Mrs. Snyder had been tied hand and foot, so she claimed, by robbers, and had become unconscious from fright and shock. The disturbed condition of the house seemed to corroborate her story that her husband had been killed by men who entered the house to steal. Nevertheless, the police suspected the story. After questioning, she broke down and confessed that Henry Judd Gray had killed her husband, and that after the murder he had, with her acquiescence, tied her hands and feet in order to divert suspicion from themselves. Though in the confession she attempted to place the larger part of the blame upon Henry Judd Gray, yet she admitted acts on her part from which the conclusion of her own guilty participation might be drawn with confidence. Henry Judd Gray was thereafter apprehended in Syracuse. He claimed, at first, that he had been in his room in a Syracuse hotel at the time of the murder. After questioning he, too, confessed. According to that confession he had gone to Queens Village from Syracuse the evening before the murder and returned to Syracuse the next morning. He had, in advance, arranged with Mrs. Snyder that they should kill her husband that night. Preparation was complete, and he believed that he had successfully manufactured evidence which would show, if he were accused of the murder, that he was at the time in Syracuse. According to his confession Mrs. Snyder played a greater part in the murder than she admitted, but each confession if accepted as true would be sufficient to establish the guilt of the person making it for the crime of murder of Albert Snyder. Additional proof, which in this case was incontrovertible that the crime charged had been committed, was of course available as required by section 395 of the Code of Criminal Procedure, before the confessions would warrant conviction.

The defendants were jointly indicted. Mrs. Snyder moved for a separate trial. The defendant Henry Judd Gray joined with the State in opposing the motion. It was denied by the trial judge, and the defendants were thereafter tried together and both have been convicted of the crime of murder in the first degree.

Extended analysis of the testimony produced at the trial would serve no serious purpose. Both defendants testified in their own behalf. Each attempted personal exculpation by throwing as much of the blame as possible upon the other. Mrs. Snyder testified that her confession was not voluntary, but was obtained by pressure which in her nervous condition she could not withstand. She attempted, according to her story, to dissuade the defendant Gray from carrying out his plan of murder. She tried to stop him while he was actually committing the murder, and only fear induced her to join with him thereafter in the attempt to cover up all possible traces which might lead to suspicion against them. Henry Judd Gray's testimony was intended to show that he was only a blind tool, with mind and will so weakened by indulgence in intoxicating liquors and other excesses that he was incapable of resistance to a stronger personality, incapable in his then state of mind of deliberation or premeditation. A mass of circumstances belied the claim of exculpation of either. The jury might well find that each defendant by testimony in open court has established the guilt of both.

Throughout the trial and in his charge, the trial justice with scrupulous care protected the rights of both defendants. He pointed out to the jury that they might not consider the confession of either as evidence against the other. He allowed the jury to pass upon every contention of innocence presented by either defendant, though for some of these contentions there is little, if any, basis in the testimony. Wherever at the trial there was possible room for doubt as to a ruling to be made or charge

to be given, he resolved that doubt in favor of the defendants. They have been found guilty upon evidence which is clearly sufficient, after a trial in which no rulings have been made of which they may reasonably complain. The only question which remains for consideration is whether the denial of Mrs. Snyder's preliminary motion for a separate trial resulted in depriving them or either of them of a fair trial.

Section 391 of the Code of Criminal Procedure as recently amended (L. 1926, ch. 461) provides that defendants jointly indicted may be tried separately or jointly in the discretion of the court. It may be assumed that the Legislature did not intend to leave arbitrary choice to the court. Discretion involves the exercise of a sound judgment, and its attempted exercise may be reviewed by an appellate court, at least where the appellate court has jurisdiction to pass upon questions of fact. The statute has merely restored the common-law rule that a separate trial of defendants who were jointly indicted might not be demanded as a matter of right by the accused but might be ordered in its discretion by the court. (*People* v. *Howell*, 4 Johns. 296; *People* v. *Vermilyea*, 7 Cow. 108.) That rule prevailed not only in England but in this State until changed in this State in 1829 by statute. (See *People* v. *Doran*, 246 N. Y. 409.) In *U. S.* v. *Marchant* (4 Mason, 258; affd., 25 U. S. 480) Mr. Justice STORY has reviewed the history of the exercise of the power of the court to grant a separate trial to persons jointly indicted. He pointed out that at common law as developed in England, persons jointly indicted might be jointly tried unless the court in its discretion ordered that each defendant should be tried separately; though the difficulty of obtaining a jury at a joint trial, if each defendant insisted upon the exercise of his right to interpose the full number of peremptory challenges accorded to him under the law of England, gave rise to a general custom of ordering separate trials unless the defendants agreed to join in all peremptory challenges.

Since that case all jurisdictions in this country have accepted the rule that defendants jointly indicted are not entitled to separate trials unless the court in the exercise of its discretion so orders. Appellate courts in various jurisdictions have at times reviewed such orders. No general rule limiting or governing the exercise of the court's discretion can be deduced from these decisions. The Legislature has not seen fit to set fixed bounds to the exercise of the discretion it has restored to the courts. The courts should apply but one test. Will a separate trial impede or assist the proper administration of justice in a particular case and secure to the accused the right of a fair trial? The decision of the trial court rendered before the trial is dictated by a reasonable anticipation based on the facts then disclosed. The decision of this court rendered upon a review of the trial itself rests upon determination of whether the prophesy has been realized.

In the present case the trial judge upon the motion for a separate trial was informed only that the State had secured from each defendant admissions which the State would claim constituted confessions, and that the defendant Snyder would disclaim guilt and the defendant Gray might try to relieve himself in some measure from criminal responsibility by casting blame upon Mrs. Snyder. The fact that one defendant has made a confession which will be admissible against himself but not against a codefendant may be a circumstance which enters into the court's consideration of whether a joint trial would be fair (*Commonwealth* v. *James*, 99 Mass. 438), but that circumstance alone is not always decisive. (*Commonwealth* v. *Borasky*, 214 Mass. 313; *United States* v. *Ball*, 163 U. S. 662.) It is not uncommon for one defendant to admit participation in a felony and to deny that such participation was with guilty intent. It depends upon the circumstances of the particular case whether a jury can weigh properly the testimony produced upon the various

32

issues that may arise in a joint trial. Possibility of injury to Mrs. Snyder arising from the presentation to the jury of Gray's confession which accused her, though it might not be properly considered by the jury against her, is not substantial when her own confession shows her guilt. Possibility of such injury disappears when Gray at the trial takes the stand and gives testimony of the same allegations which Mrs. Snyder claimed should not be disclosed to the jury. There is no possible basis upon the record for any claim that a joint trial deprived either defendant of the right to a fair trial before an impartial jury which reaches decision by weighing competent evidence.

The judgment of conviction as to each defendant should be affirmed.

CARDOZO, Ch. J., POUND, CRANE, ANDREWS, KELLOGG and O'BRIEN, JJ., concur.

Judgments affirmed.