The People of the State of New York, Respondent, *v.* Ignazio Vaccaro, Appellant.

Submitted April 16, 1942; decided June 4, 1942.

*George Hoffenberg* for appellant. It was prejudicial error for the court to charge that the defense of alibi must be proved beyond a reasonable doubt, and the error was not cured. (*People* v. *Elmore*, 277 N. Y. 397; *People* v. *Silverman*, 252 App. Div. 149; *People*

v. *Allocca*, 183 App. Div. 571; *People* v. *Montlake*, 184 App. Div.
578.) Hearsay evidence was introduced at the trial which was
highly prejudicial to the defendant. (*People* v. *Mc Kane*, 143
N. Y. 455; *People* v. *Becker*, 215 N. Y. 126; *People* v. *Cassidy*,
213 N. Y. 388; *People* v. *Connolly*, 253 N. Y. 330; *People* v. *Luciano*,
277 N. Y. 348.)

*Elliott A. Horton, District Attorney*, for respondent. Any error
in the court's charge on the question of defendant's alibi defense
was cured and did not affect any substantial right of or prejudice
the defendant. (*People* v. *Manzara*, 246 App. Div. 69; *People*
v. *Salmore*, 233 App. Div. 522; *People* v. *FitzGerald*, 195 N. Y.
153; *People* v. *DeMaio*, 243 N. Y. 588.) Where the record on
appeal clearly demonstrates the guilt of a defendant, reversal will
not be had for errors in the course of a trial unless they are highly
prejudicial and affect substantial rights. (*People* v. *Rutigliano*,
261 N. Y. 103; *People* v. *Bloodgood* [*Heckheimer*], 251 App. Div.
593; *People* v. *Sprague*, 217 N. Y. 373; *People* v. *Pacelli*, 200
App. Div. 850; 233 N. Y. 592; *People* v. *Ferola*, 215 N. Y. 285;
*People* v. *Miller*, 257 N. Y. 54; *People* v. *Morse*, 196 N. Y. 306.)

FINCH, J. Defendant-appellant has been convicted of attempted
arson in the second degree. He appeals to this court relying chiefly
upon alleged errors at the trial.

Defendant was charged, with Peter G. Collis, Alfred Pace, Santo
DiNaro and Joseph Cigna, with an attempt to burn down a cottage
owned by Collis. The four other defendants named pleaded guilty
and were sentenced under such pleas.

At the trial defendant did not dispute the fact that an attempt
at arson was made by his codefendants, as charged. The defense
interposed by him was that of an alibi. In support of the defense
of alibi, defendant took the stand in his own behalf and also intro-
duced a number of witnesses, to prove that he was at home with
his family at the time the attempt at arson was made.

Defendant alleges error in the admission of hearsay evidence as
part of the proof identifying him as one of those engaged in the
crime.

This alleged error arose in the following manner. The attempt
to commit arson was made on the 21st of April, 1940. Some days
thereafter Joseph Cigna, one of the codefendants, was arrested.

Then on May 18, 1940, Lawrence Reilly, a member of the Rochester Arson Squad, drove past defendant's house with Cigna while defendant was out in his yard. Reilly testified that defendant was pointed out to him by Cigna as the man with whom he, Cigna, and DiNaro had talked on the night before the attempt to set the fire. This testimony by Reilly, over objection and exception, was to a hearsay statement made by Cigna not in the presence of defendant. Although admissions made by a co-conspirator or accomplice during the course of the commission of the crime, or in furtherance of its purpose, are competent (*People* v. *McKane*, 143 N. Y. 455; *People* v. *Luciano*, 277 N. Y. 348), it is equally fundamental that statements made by co-conspirators or accomplices after the crime has been consummated are incompetent and inadmissible. The testimony of Reilly was, therefore, altogether inadmissible. (*People* v. *Ryan*, 263 N. Y. 298; *People* v. *McQuade*, 110 N. Y. 284; *People* v. *Kief*, 126 N. Y. 661.)

It is the contention of the District Attorney, however, that the admission of this evidence cannot be held prejudicial. With this contention we disagree. The evidence against the defendant was not so clear and convincing as to make the incompetent testimony given by Reilly merely cumulative. It is true that there was testimony tending to identify defendant as being at the scene of the crime and as meeting with some of the codefendants the night before the crime and on the same day following the crime. In addition there is the evidence of flight. On the other hand, the identification both by the father, Joseph Cigna, and the son, Anthony Cigna, was at best vague and somewhat indefinite. When Anthony Cigna was asked on direct examination to identify defendant as one of the men at the scene of the crime, he answered: " A. He wasn't dressed the way he is now — but I wouldn't say it would be exactly him but as to resemblance." Likewise Joseph Cigna in his direct examination said: " Q. Did you see anybody get out of the car when he stopped? A. Santo and the other one. Q. Who was the ' other one? ' A. The young man with Santo."

It appears from the record that the defendant is not young but a man well on in middle life and the father of eight children.

Joseph Cigna would not state positively that the man he met at the scene of the attempted arson was the same one he pointed out to Detective Reilly: " A. It looks like him only just a little

different." There are also other inconsistencies in the testimony as, for instance, where Joseph Cigna was unable to locate the residence of the defendant which he claimed to have visited.

Under these circumstances, we cannot say that this hearsay evidence was not prejudicial.

Another error urged by appellant grew out of the charge of the trial court to the jury. The trial court in its charge said: " If you are satisfied beyond a reasonable doubt that this defendant was at home with his family, as his witnesses testified, then it will be your duty to acquit him, because he couldn't be at home and at the same time be where the People's witnesses placed him." To this counsel for the defense excepted as follows: " Also, I except to that portion of the charge that states that before the jury can believe the evidence of the defendant's witnesses as to his presence at home as an alibi, they will have to be convinced as to that beyond a reasonable doubt." Thereafter counsel for the defendant requested the court to charge as follows: " I ask you also to charge that the burden of proof is upon the prosecution to prove defendant guilty beyond a reasonable doubt and that the burden is never upon a defendant to prove himself innocent. The Court: ' I so charge.' "

The District Attorney, conceding that the court erred in instructing the jury that defendant carried the burden of proving his alibi beyond a reasonable doubt, contends that the error was cured by the subsequent request made by counsel for defendant. Whether such error was cured in the minds of the jurors by the subsequent request presents. a serious question. Certain it is that the error made was not directly corrected. Whether the jurors were able to follow the correction, if as such it was intended, no one can say with certainty. Since by the error in the charge the court in effect had made the defendant carry the burden of proving his innocence and at best a doubt remains whether this error was cured in the minds of the jury by the subsequent charge, a new trial on this account also should be granted. (*People* v. *Elmore*, 277 N. Y. 397.)

It follows that the judgments should be reversed and a new trial ordered.

LEHMAN, Ch. J., LOUGHRAN, RIPPEY, LEWIS, CONWAY and DESMOND, JJ., concur.

Judgments reversed, etc.