THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. JOHN F. ASZKLER, JULIUS KARSA, WILLIAM H. CARROLL, JOHN F. CITAK, STANLEY BUDZYNSKI and JOHN ROONEY, Appellants.— Judgments of conviction reversed on the law and facts and indictment dismissed. Memorandum: The evidence indicates quite clearly that from the inception of the 1940 administration there was a serious rift between the Republican mayor and the Democratic majority in the city council and that there was likewise a rift between the Republican minority and the Democratic majority in the council. This was an unlikely background for the hatching of a criminal conspiracy. The fact that the majority party proceeded to get control of city patronage for itself was no novelty in American politics. The fact that the majority party decided to give to the minority party a little " pap "

was no novelty either. More than this there must be to lay the basis for a criminal conspiracy to defraud the city. A careful review of the evidence convinces us that the People failed to establish beyond a reasonable doubt the existence of the conspiracy alleged in the indictment. The overt acts charged as having been committed in furtherance of the alleged conspiracy were either explained away as lacking criminal intent or, in some instances, were proof of the non-existence of a criminal conspiracy, for example, the matter of the contract for liability insurance. That contract was made by the purchasing agent of the city and, on learning of its provisions, the mayor promptly took measures for its rescission. If, however, the conspiracy had been established beyond a reasonable doubt, the judgments of conviction would have to be reversed for material errors committed on the trial. It was reversible error to receive, as against all of the defendants, the testimony of each defendant given before the grand jury. At best this testimony was narrative of past transactions and, in no sense, was it evidence given in furtherance of the alleged conspiracy. (*People* v. *Bavisotto*, 258 App. Div. 775; *People* v. *Lashkowitz*, 257 id. 518; *People* v. *Ryan*, 263 N. Y. 298.) No foundation was laid for the receipt in evidence of the Post letter. Its receipt was very prejudicial to the rights of the appellants. The court, in his charge, failed, in this complicated case, to marshal the evidence for the benefit of the jury so as to aid them in reaching a proper verdict. (*People* v. *Becker*, 210 N. Y. 274, 307.) On the contrary, the jury were left to their own devices to sift out and apply the evidence as best they could. Other errors are assigned which we need not now consider. There is no claim here that the mayor or any of the councilmen profited financially from any of the transactions referred to in the record. There is no proof that any of the defendants entertained any ambition for future political preferment. The fact that, at the opening of the trial, Councilman Kasprzak pleaded guilty to the charge of conspiracy was no proof of the guilt of these appellants. (*People* v. *Vaccaro*, 263 App. Div. 789; revd., 288 N. Y. 170.) In that case Vaccaro's codefendants pleaded guilty. Vaccaro was convicted. The Court of Appeals apparently gave no weight to the fact that his codefendants had pleaded guilty. All concur, except Cunningham, J., not voting. (The judgment convicts defendants of the crime of conspiracy.) Present — Crosby, P. J., Cunningham, Taylor, Dowling and McCurn, JJ.