Per Curiam.

In the exercise of the trial court’s discretion its refusal to grant appellant’s request for a separate trial was proper. Where numerous defendants have been jointly indicted for a single crime “ a ruling directing a joint trial will be on the safe side ”. (People v. Feolo, 282 N. Y. 276, 281, Loughban, J.) However, in view of the fact that the defendant Reeh [see 300 N. Y. 543] had upon his arrest made a complete confession of guilt and had also implicated the appellant, who was his codefendant, and appellant, in his statement, had made no confession of guilty participation in the crime, the trial court should have been careful to instruct the jury that “ One who makes no confession must be found guilty, if at all, only on proof independent of a confession by a codefendant.” (People v. Fisher, 249 N. Y. 419, 427-428.)
After there had been read into evidence the confession made by defendant Reeh to the District Attorney, appellant’s counsel requested the court “ to instruct the jury that in so far as the defendant Rosenberg is concerned the jury must disregard the statement by Reeh.” This the court declined to do, but instead informed the jury that “ The statement of one accomplice is admissible as against the other, but the testimony or statement of an accomplice must be corroborated by other testimony. The Code provides for that in Section 399, which reads as follows: ‘ Section 399: A conviction cannot be had on the testimony of an accomplice unless corroborated by such other evidence as tends to connect the defendant with the commission of the crime. ’ If this case eventually goes to you gentlemen of the jury I will explain what that section means in greater detail.” And when appellant’s counsel made further objection to this ruling, the court added: “It is testimony in the case, it is an alleged admission made by the defendant Reeh in which he mentions the name of>the co-defendant.”
*549 These instructions were erroneous. “ Although admissions made by a co-conspirator or accomplice during the course of the commission of the crime, or in furtherance of its purpose, are competent (People v. McKane, 143 N. Y. 455; People v. Luciano, 277 N. Y. 348), it is equally fundamental that statements made by co-conspirators or accomplices after the crime has been consummated are incompetent and inadmissible.” (People v. Vaccaro, 288 N. Y. 170,172.)
When at the conclusion of the trial the court delivered its charge, it did at several points advise the jury that this appelant could not be convicted unless the jury believed his confessions of guilt made to two nonaccomplice witnesses who testified for the People; it also informed them that statements made by one defendant were not binding in any way upon the other. However, this correct ruling was again clouded in doubt by the following instructions given by the court in its main charge. At one place it stated: “ The statements made by each of these defendants, in which reference was made to the other defendant, is not binding in any way upon the other defendant mentioned, and it should not be considered as in any way incriminating the other defendant, for the reason that the statements were each made not in the presence of the other. On these statements alone neither defendant could be convicted on what was said by the other. ’ ’ And at another, the court said: 1 ‘ If you find that the alleged statements made by the defendants to the police, or to the District Attorney, or to Kramer, or to Inches, were free and voluntary statements and that they were true, you may consider them as part of the evidence in the case.” Particular attention in all these excerpts is called to the portions emphasized.
A defendant is under no obligation to speak when under arrest or about to be arrested. (People v. Rutigliano, 261 N. Y. 103, 107; People v. Allen, 300 N. Y. 222, 225, Desmond, J.) The confession made by Reeh was not competent as evidence against Rosenberg for the reason that it was not a statement made in furtherance of the conspiracy but was made after it had come to an end. The erroneous ruling made during the course of the trial was never specifically retracted. The jury sat through many days under the erroneous belief that Reeh’s confession was testimony in the case against Rosenberg and that it only required corroboration. Though the court’s charge in other respects was fair and adequate,'it is difficult to hazard what effect the portions quoted had in the deliberations of the jury upon the question of Rosenberg’s guilt. The error bécomes *550 particularly harmful' in view' of tlie' tact c'óhfésMiíB ítiydé'-'át1 tilb bf;'h$s áíhe^i'RyfiMddMt/Bbefídih^liy catfed Abpeñkmt as/a‘hti(]ótispit^tír,''aFhyieftihd%étéd!%k',l’tií)l;dÍíV añd'wh'd wás‘to sliare1 ihIkhe''bhohdbbs°bf-4h6'‘kbhhW¿sEi5,ófí. ffi# trialy plfetélyh coá6ííñs^!ólÁ>í-______ x ___.. ...... , ... . „.. .. 491 498 ) (Cf. People v. Snyder, 246 N. Y. 491, 498.)
pTM ^jüiít* ■ bf • ddféridMuí f;0doí?¿é ÍTeelP fbk4 félbarl^ „ é'stg£l)liilsífed hebá^eEé'n-ót'bniiybohk'edsedEis-ébtóplféityE-h ihe^ctiiiieii-aftllb5 timd;df hik áYYébt',?‘Wtrdh-thb tidMRéyksÍbhtedíthát*Ró',%d;é sóíe"7élib^tfa:,t'ó'h.n 1 He'ádk§HtyMétdiy Yb'YSedíÍéylthe^Ítill kbnaítf oí11 thd ‘ 1 b jT4 ktte'iiíi)tíng‘'‘>tb f dthblísif tliát»thé'iEÍÍinf ?h M" bébfí étíinmittbd inl'thenfeoti.íiiél,éí)bi Éíd1 ebShb’e f^tkhfihé5' c<toípIéÉ.dií,^B áh htté'íñpted' !róbbe‘ff. ■":HÍb'Yóhtlbtibñ^kslf§MW4ken"iSfíi‘riá'bS|: bf ttió Court of Appeals (300 N. Y. 543)>-.'u or(.l yd hhsoh
thissiíiüfdér 'as'dlaiTjubd bf fhef'P§ópldjEé5'bhbtlldr)p*á;f thé whiMí tile lá'Wbiaétsy ^’ Hb-weVéf fíppil* this^MeHdhh'fehhr^e1, jhe isfiEntitled tb' sí^ tkíáil1 ftbd1 :fró¿íf fiirfosfa'ktiaf él¥tií11 titid j dñb1 'b’Bfib ducted7hva'ccoibahhe with those sUff¿’uaíhs ?i^hi6hi%yilh% áír'é’ regaMM' !af‘nec'eá'éarf íéí the' ^bkbf ébtiO'hy,bf thd%ccit§éS.y^tJifbS this’reti6rdAbe4éhdh^fhu''btinkluéllbni,thafthf^kb^;bóítitoitbéi($tway siYbbtatifl’dl 'áíicl '^¥^tfai(á&lV"'’,ÍPhe‘:ó1ld§fíidií{ átíblild? be''tb?'éyséE> áüdyk7d^;ttikhdbabréa.^iií,),!',yhsy'' fy'‘A'»¡fe odi jiaí* hud u«r< Tí 14
Mi, JJf; éoücúr; R'^ad'h"1 v' *v*Mv '’> «v*'.sni vwwkmuv» y.ti
Judgment'reversed and a new trial ordered.