J. Irwin Shapiro, M.
The defendants are charged with committing the offense of disorderly conduct in violation of subdivision 8 of section 722 of the Penal Law.
On April 13,1953, at or about 1:30 a.m., Police Officer Howard Koch (attired in civilian clothes) was approached by the defendant Pleasant in Diamond Jim’s Bar and Grill located in New York County.
Indicating the defendant Shadforth, whom he called “Bobby”, the defendant Pleasant stated he knew him fairly well and proposed that Koch accompany them to his apartment where they would both engage him (Koch) in an indecent act, then and there specified by the defendant Pleasant. Gaining Koch’s purported assent to this indecent proposal, the defendant Pleasant brought the defendant Shadforth over and introduced him to Koch. The defendant Shadforth offered to buy some beer in furtherance of an expressed agreement to go to the defendant Pleasant’s apartment where they would “have a few beers and have some fun.”
Pursuant to this arrangement all three went to the defendant Pleasant’s apartment where they drank some beer and, after a short conversation, the defendant Shadforth told Koch that he ‘ ‘ would rather go to bed with ’ ’ him. The defendant Pleasant thereupon said “ Well you go to bed with him first ” and handed Koch a jar of vaseline.
The defendant Shadforth proceeded to disrobe to underpants and undershirt and got into bed. Koch asked him what he wanted to do and whether he would satisfy him. The defendant Shadforth thereupon stated that he would satisfy Koch to the best of his ability but said he would not tell him specifically what he was going to do unless Koch took his shoes off.
Koch took his shoes off and just about that time Koch’s police partners knocked at the door and obtained entrance. *369 Thereafter both defendants were arrested. The defendants testifying in their own behalf denied generally that they used any words or perpetrated any acts which had any connection with sex.
In substance it was their contention that they were old Parisian friends who had not seen each other for a number of years until they met by accident in this bar. They contended that after going to the defendant Pleasant’s apartment with Koch they had some beers and just decided that it would be more convenient for all of them to stay overnight at Pleasant’s apartment.
Defendant Shadforth admitted that he was in bed, clad as testified by Police Officer Koch, but said that the reason for that was that he was going to sleep there instead of going home and indicated that it was his intention to have Koch share his bed with him for the night.
Some character witnesses were also called for the defendants.
At the end of the whole case defendants’ counsel asked for time to submit briefs on the questions of law purportedly involved in this case. In granting such permission this court said: ‘ ‘ Restrict your brief to questions of law only. All the facts are decided in favor of the People. I have decided, as a matter of fact, that what Koch testified to is substantially correct and what the defendants testified to is not correct; that they went there after he was solicited in the bar and grill in question and that they went there for an indecent purpose and that his testimony in the main was borne out by the proof, and I so find beyond a reasonable doubt. ’ ’
At that time both defendants were represented by the same counsel. On the date to which the case was adjourned for decision new counsel appeared for the defendant Shadforth and asked for time to submit a further brief on his behalf.
The defendant Pleasant was thereupon found guilty and sentenced and decision was reserved as to the guilt of the defendant Shadforth to enable his new counsel to submit a brief to the court upon his contention that “ there was no act of solicitation within the meaning of the Statute, by the defendant Shadforth.”
In answer to that contention the court in the running colloquy with counsel said:
‘1 Mr. Strauss argued that before me very ably not only in this case but also in a case we had last week. I disagreed with him then, and I disagree with him now. Solicitation under the law doesn’t mean that I have to come over to you and proposition you verbally, or in actual words; I can do it by a shaking *370 of the head, a nod; I can do it by stepping on your toes, or in any number of ways which would suggest the purpose I have in mind.
1 ‘ In this case, when the defendant Pleasant conversed with the police officer and a proposition was made, and he then asked him to wait, that he would speak to somebody over there and he spoke to this man, Shadforth, over there, and then the three of them left simultaneously, got into a taxicab, and after stopping for cans of beer, then went to the home of the defendant Pleasant, and then the defendant Shadforth got undressed, down to the waist and underwear, got in bed and had a conversation with the officer, in which he said he wanted the officer to take his shoes off before the officer got into bed with him and then described what they were going to do after that — well, to my mind, all of the facts and circumstances lead irresistably to the conclusion that the two of them, Shadforth and Pleasant, were engaged in a conspiracy at the bar and grill to solicit men.
‘ ‘ The fact that the oral conversation was had with the defendant Pleasant only is not sufficient and not determinative of the issue in the case; but all the acts of the defendant Shadforth showed that he was part and parcel of the arrangement. ’ ’
The fundamental question for determination in this case is therefore whether under the evidence the court was then and is now justified in concluding that the defendant Shadforth was an accomplice of the defendant Pleasant. If he was, the acts and statements of the defendant Pleasant, made in the course of the offense or in furtherance of his purpose, are admissible against and binding upon him (People v. Vaccaro, 288 N. Y. 170, 172), and this is true whether the matter dealt with a crime, or as here, an offense. (People v. Pearson, 188 Misc. 744; People v. Sinclair, 86 Misc. 426, affd. 167 App. Div. 899.)
In the Vaccaro case (supra, p. 172), the court said — “ admissions made by a co-conspirator or accomplice during the course of the commission of the crime, or in furtherance of its purpose, are competent (People v. McKane, 143 N. Y. 455; People v. Luciano, 277 N. Y. 348) ”.
Objectively considered the evidence shows that the defendants, contrary to the respective claims that they were casual acquaintances who had not seen each other in five years, were sexual perverts who were intimate in mutual depravity. No other reasonable conclusion may be drawn from the fact that within minutes of arriving at the apartment the defendant Shadforth stated that he preferred to go to bed with Koch and that *371 thereupon the defendant Pleasant told Koch that he should go to bed with Shadforth “first” and handed him a jar of vaseline.
The presence of the defendant Shadforth, his conduct at the bar, and his leaving with the defendant Pleasant and Police Officer Koch, viewed in the light of his conduct almost immediately thereafter was that of one degenerate soliciting an unknown man for the purpose of gratifying the bizarre sexual desires of another degenerate.
Thus, in the light of all of the circumstances taken together, Shadforth’s agreement in the bar to go to Pleasant’s apartment to “have some fun ” is hardly susceptible of any except “ a sinister or evil meaning ” (see People v. Humphrey, 111 N. Y. S. 2d 450, 454); a meaning, furthermore, which is but a logical extension of the defendant Pleasant’s original disgusting proposition anent defendant Shadforth. So considered, the legal responsibility for what took place in the bar was as much Shadforth’s as Pleasant’s.
The defendant Shadforth’s further contention that he may not be found guilty of disorderly conduct in any event because the bar and grill, where the solicitation took place, was not a public place has no validity in the light of controlling decisions (People v. Pappas, 287 N. Y. 632). People v. Perry (265 N. Y. 362), cited by the defendant Shadforth, is inapposite because there the conduct complained of took place in a restaurant which the evidence clearly established was closed to the public at the time of the occurrence.
The further contention that the acts of the defendants were not such whereby a breach of the peace might be occasioned is based upon an inference that the level of our manners and customs is such that public solicitation to sodomy does not carry with it a real possibility of active resentment and resulting disorder. This court refuses to draw such an inference.
The defendant Shadforth further contends that the presence of a police officer (1) rendered a breach of the peace impossible and (2) that since the person solicited was a police officer the offensive conduct could in no event have a tendency to breach the peace.
The presence of a police officer does not ipso facto eliminate the possibility of a breach of the peace (People v. Galpern, 259 N. Y. 279), and while there is a conflict of authority on the question as to whether or not conduct such as that involved here which by its very offensive nature would have a tendency to cause a breach of the peace if addressed to a private individual may be held to have the same tendency when addressed to a *372 peace officer (People v. Strauss, 114 N. Y. S. 2d 322, 324; People v. Lukowsky, 94 Misc. 500; State v. Moore, 166 N. C. 371), the weight of authority, and in the opinion of this court the better-reasoned cases, indicate that a policeman is in no different position from anyone else. (People v. Fenton, 102 Misc. 43; People v. Clarke, 12 N. Y. S. 2d 8; Pavish v. Meyers, 129 Wash. 605; City of De Soto v. Hunter, 145 Mo. App. 430; City of Cleveland Heights v. Christie, 128 Ohio St. 279; Whitten v. Mayor, 26 Ga. App. 377; and People v. Burrell, N. Y. L. J., May 8, 1952, p. 1851, col. 7, in which the Appellate Part of the Court of Special Sessions of the City of New York sustained a conviction under the same section and subdivision of the Penal Law. In the latter case the solicitation occurred in Central Park with no persons shown to be about other than the policeman.) Any other constructions would tend to promote indecent conduct and hamstring its prosecution.
The defendant Shadforth also contends that since subdivision 8 of section 722 of the Penal Law provides that one is guilty only if he “ frequents or loiters about any public place soliciting men ” the prosecution must fail because here only one man, the police officer, was solicited. In view of the provisions of section 35 of the General Construction Law which provides that “ Words in the singular number include the plural, and in the plural number include the singular ” that contention lacks merit.
The further contention that the complaint does not charge the defendants with aiding and abetting each other and that the complaint is generally lacking in specific detail may be answered by stating that if that contention had been raised upon the trial the complaint could have been amended upon such terms as justice might require (Code Grim. Pro., §§ 62, 293, 295-j; People v. Dale, 47 N. Y. S. 2d 702) and in the interest of justice the complaint may now be deemed amended to conform to the proof.
The other contentions so ably briefed by counsel have all been considered and in the court’s opinion warrant no discussion.
The defendant Shadforth is found guilty of a violation of subdivision 8 of section 722 of the Penal Law and is directed to appear before this court for sentence on the 19th day of June, 1953.