Per Curiam.

Appellant and a codefendant were convicted of disorderly conduct in that each was alleged to have loitered in a public place for the purpose of soliciting men to commit an act of lewdness. The trial court, over the objection of appellant’s counsel, apparently held that admissions made by the codefendant after his apprehension by the police were binding upon the appellant who was present at the time of the admissions.
Any concert of action between appellant and the codefendant ended with the advent of the officer; hence any statement thereafter made by the codefendant was not binding on appellant. (People v. Storrs, 207 N. Y. 147; People v. Ryan, 263 N. Y. 298; People v. Vaccaro, 288 N. Y. 170; People v. Marshall, 306 N. Y. 223.)
*470 This basic rule is not altered either by the fact that the appellant was present at the time of the admissions or by the fact that he himself made independent admissions at the same time. There is no evidence that appellant adopted his codefendant’s statements as his own.
The judgment of conviction should be reversed as to appellant and a new trial ordered.
Kozicke, Heller and Rossbaoh, JJ., concur.
Judgment reversed, etc.