The People of the State of New York, Respondent, *v.* James E. Buck, Appellant.

Third Department, December 2, 1958.

*A. William De Filippo* and *William W. Cassada* for appellant.

*Paul H. McCabe, District Attorney,* for respondent.

Foster, P. J.  This is an appeal from an order of the Supreme Court which denied, without a hearing, appellant's petition for a writ of error *coram nobis* to vacate a judgment of conviction had against him for the crime of murder in the first degree in the Supreme Court, Chemung County, July 5, 1938. The application for a writ of error *coram nobis* was made in March, 1957.

Appellant and his brother were jointly indicted for the crime of murder in the first degree, alleged to have been committed in connection with their escape from the Chemung County Jail. At the time of their arraignment before the Supreme Court each defendant stated that he was destitute and asked for the assignment of counsel. The court assigned a concededly experienced criminal lawyer of the Chemung County Bar as counsel for both defendants. Upon his assignment counsel moved for a severance and asked for separate trials on the grounds that each defendant had a different defense and that their interests conflicted. This motion was denied. At the commencement of the trial the same motion was renewed and again denied. Then followed a jury trial which resulted in a jury finding both defendants guilty of murder in the first degree and recommending life imprisonment for each. On July 5, 1938 each defendant was sentenced to Attica State Prison for the rest of his natural life.

According to the clerk's minutes, and there is no dispute about it, the assigned counsel who conducted the trial for the defense was not present at the time of sentence. He was ill then and we are told that he died shortly thereafter. Appellant alleges in this proceeding that he never saw the trial counsel again after the jury returned the verdict of guilty. Another attorney, apparently a stranger to the trial, was designated by the court to represent the defendants on the day they were sentenced. The verdict of guilty was returned on the 2d day of July, 1938 and defendants were sentenced on the 5th day of July, 1938. No appeal was ever taken from the judgment of conviction by either defendant, and the stenographer's minutes of the trial were never transcribed. The official stenographer who took the record of the trial died in December, 1941, and there are some exhibits which indicate that his notes cannot be found.

In this proceeding appellant urges that the judgment of conviction against him should be vacated on the following grounds: (1) the trial court erred in failing to assign separate counsel for each defendant because both defendants had conflicting defenses; (2) the trial court erred in not allowing a severance, or in the alternative the assignment of a separate lawyer for each defendant; and (3) appellant had inadequate counsel and was thereby denied his right of appeal.

In his petition appellant alleges the following facts. Both he and his brother were lodged in the Chemung County Jail charged with burglary. On the day the murder was alleged to have been committed his brother went to the exercise room to take his daily exercise, and at a time when appellant was still in his cell. At some point his brother assaulted a turnkey and

took the cell keys away from him. He then opened appellant's cell and told him of the assault. Appellant became panic stricken and fled with his brother. The turnkey subsequently died as a result of the assault. Appellant further says that he knew nothing of any plan to escape prior to the time the door of his cell was opened by his brother. In the absence of a stenographer's record of the trial we are of course at a loss to know what the testimony on the trial may have been. There is now no possibility of obtaining a transcript of the stenographer's minutes and hence it can never be known with any real accuracy what the testimony against the appellant was on the trial.

On the basis of that which is before us we are of the opinion that the issues raised by appellant are not reviewable by way of *coram nobis*. The discretion given by the statute as to joint trials cannot be exercised arbitrarily and is subject to a review by an appellate court which has jurisdiction to pass upon questions of fact (*People* v. *Snyder,* 246 N. Y. 491, 496; *People* v. *Fisher,* 249 N. Y. 419), but the decision of the trial court on such a motion is merely a ruling during the course of the trial, and as such is reviewable only on appeal. *Coram nobis* does not lie to test the validity of rulings made during the course of a trial, and even if it did a reviewing court would be helpless to apply it, and find that a fair trial was denied, in the absence of a record of the trial. No constitutional or statutory right of appellant was violated per se because the trial court did not assign separate counsel — that matter was also discretionary (Code Crim. Pro., § 308). It is true that appellant was entitled to the assignment of adequate counsel, but here it is conceded that appellant was represented by competent counsel. The charge of inadequacy therefore could only be sustained by proof that no counsel, however competent, could adequately represent both the appellant and his brother on the trial in view of the circumstances revealed on the trial. We may not say that as a matter of law and without the record of the trial we cannot find it as a matter of fact.

As to appellant's contention that he was assigned inadequate counsel after his conviction and was thereby denied a right of appeal we reach the same conclusion. It is true that the duty of counsel assigned to defend a prisoner charged with murder in the first degree does not necessarily end with the judgment of conviction. It may also be the duty of counsel to take the necessary appeal within the 30 days fixed by statute (*People* v. *Price,* 262 N. Y. 410, 413). But that duty only becomes arbitrary we think where the punishment is that of death; otherwise a matter of judgment is involved. Where

there is a conviction for a felony murder, and a sentence of less than death is imposed, it may well be the more prudent course of judgment to waive an appeal rather than risk the possibility of a death sentence on a second conviction. We mention this merely to indicate that the failure of either counsel assigned to take an appeal was not, *ipso facto,* a denial of due process or a violation of appellant's constitutional rights.

The order should be affirmed.

BERGAN, GIBSON and HERLIHY, JJ., concur.

Order affirmed.

This court takes this occasion to commend assigned counsel for the able manner in which he conducted the appeal for the defendant-appellant.