C. P. HEILMAN, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2745.

Municipal Court of Appeals for the
District of Columbia.

Submitted April 24, 1961.

Decided June 28, 1961.

William A. Bachrach, Washington, D. C.,
for appellant.

Chester H. Gray, Corp. Counsel, Milton
D. Korman, Principal Asst. Corp. Counsel,
Hubert B. Pair and Ted D. Kuemmerling,
Asst. Corp. Counsel, Washington, D. C.,
for appellee.

Before HOOD and QUINN, Associate
Judges, and CAYTON (Chief Judge, Re-
tired) sitting by designation under Code
§ 11–776(b).

HOOD, Associate Judge.

Appellant was tried and convicted on an
information which charged that on a public
street he (1) used profane language, inde-
cent and obscene words, (2) engaged in
disorderly conduct, and (3) made rude and
obscene gestures, comments and observa-
tions on persons passing by and in their
hearing "in that he followed and attempted
to engage in conversation a certain female
who was then and there unknown to him." [1]
Appellant contends that the evidence did
not sustain the conviction.

The testimony of the complaining witness
was that she, accompanied by her twelve-
year-old daughter, was driving her auto-
mobile on a public street in the District;
that when she was stopped at a traffic light,
a Ford station wagon drove up on her
right and the driver of the station wagon
made "obscene and indecent remarks and
gestures" to her and within the sight and
hearing of her daughter; that when the
traffic light changed the station wagon was
driven alongside complainant's automobile
for several blocks and the driver continued
to make "obscene remarks and gestures";
that the station wagon was driven so close
to her automobile complainant became
frightened and stopped the automobile.
The station wagon drove off, but at com-
plainant's direction her daughter made a
note of its description and its registration
tag, and then complainant reported the oc-

1. See Code 1951, 22–1107, Supp. VIII.

currence to the police. It was later ascertained that the station wagon was owned by appellant and both complainant and her daughter identified appellant as the driver on the occasion in question. Appellant denied the charge and denied ever having seen the complainant.

After complainant had testified that appellant had made "obscene and indecent remarks" to her, she was asked to state exactly what he had said. Her response was "I can't," and when asked if his words were profane she replied, "Yes, but I can't repeat those words. They're too bad." The daughter in testifying referred to appellant's remarks as "dirty bad words."

 Appellant argues that he could not be validly convicted of using profane language or of making indecent and obscene remarks in the absence of evidence of what language he had used or what remarks he had made. This point is well taken. While we readily appreciate the reluctance of a refined woman to repeat profane and obscene language, the determination of the nature of the language had to be made by the court and not by the witnesses, and the court could not properly find that language was profane and indecent without first knowing what language was used.

The government urges that even if the evidence was insufficient to prove appellant used profane, indecent, or obscene language, the conviction may be sustained under another section of the Code which makes guilty of disorderly conduct one who "acts in such a manner as to annoy, disturb, interfere with, obstruct, or be offensive to others." Code 1951, 22–1121, Supp. VIII. It is argued that, aside from the nature of any language used by him, appellant's conduct in driving alongside complainant's automobile, making remarks to a woman unknown to him, and manipulating his automobile in such fashion as to frighten her and force her to stop, constituted disorderly conduct within the meaning of the statute quoted.

We agree that these actions alone would constitute disorderly conduct, but the conviction must be reversed and a new trial ordered because of the admission of the witnesses' conclusions that appellant's language was profane, obscene and indecent. To what extent this inadmissible testimony influenced the trial court in reaching a finding of guilt cannot be determined. Indeed, the finding of guilt may have been based on it because in denying a motion for judgment of acquittal at the close of the government's case, the trial court stated that the use of "profane and obscene words would be enough to convict."

Reversed with instructions to grant a new trial.