The UNITED STATES of America ex rel. Kenneth HEADLEY, Relator-Petitioner,

v.

Hon. Edward M. FAY, Warden of Green Haven State Prison, Stormville, New York, Respondent.

United States District Court
S. D. New York.
Sept. 27, 1962.

---

3. 192 F.2d at page 174.

**154**

Kenneth Headley, pro se.

Louis J. Lefkowitz, Atty. Gen., of New York, for respondent. Ronald J. Offenkrantz, New York City, of counsel.

FEINBERG, District Judge.

Petitioner, applying to this Court for a writ of habeas corpus under 28 U.S.C. § 2241,[1] is presently confined under a sentence of 15 to 25 years in Green Haven State Prison, Stormville, New York, following his conviction by a jury for the crime of first degree robbery. Petitioner was tried jointly in the Court of General Sessions, New York County, for that offense with two co-defendants. Based upon the papers before the Court and the record of petitioner's trial, the following facts are undisputed. During the course of the trial, petitioner objected to the introduction into evidence of a confession made by a co-defendant, and moved for a severance and mistrial on the ground that the admission of that confession into evidence would seriously prejudice his rights.[2] The trial judge denied petitioner's motions for a severance and mistrial and allowed the confession to be introduced into evidence; at the same time, he instructed the jury that the confession could only be used in considering the guilt of the confessing co-defendant.[3] Following his conviction, petitioner appealed the trial court's refusal to grant a separate trial to the Appellate Division, which affirmed without opinion. Unable to obtain the relief sought in the New York Court of Appeals, petitioner applied to the United States Supreme

1. Petitioner is not represented by counsel. By order of this Court, petitioner was allowed to file his application for a writ without pre-payment of fees or costs or security therefor, pursuant to 28 U.S.C. § 1915(a).

2. Record, vol. 2, pp. 928–30, People v. Huntley et al., Court of General Sessions, New York County (1960) (official stenographer's minutes).

3. These instructions were given by the trial court both at the time the confes-

sion was received, see Record, pp. 911–16, and again during the court's charge at the conclusion of the case. The court, in its charge, stated:
"* * * I remind you that you are to consider such alleged statements only in determining the guilt or innocence of the particular defendant who made the alleged statement * * * and you may in no way consider such alleged statements as against any other defendant as against whom I indicated it was not received." Record, vol. 3, p. 1550.

Court for a writ of certiorari. The petition was denied on June 25, 1962.[4]

Petitioner claims that his constitutional rights under the Due Process and Equal Protection Clauses of the Fourteenth Amendment have been violated by the refusal of the trial court to grant him a severance, because the introduction of his co-defendant's confession into evidence was highly prejudicial to his rights. For the reasons set forth below, petitioner's application is denied.

 Under New York criminal procedure, whether a defendant is entitled to a separate trial after being jointly indicted with other defendants is a matter within the trial judge's discretion.[5] See People v. Snyder, 246 N.Y. 491, 159 N.E. 408 (1927); People v. Doran, 246 N.Y. 409, 159 N.E. 379 (1927). The trial court's decision will only be disturbed where an abuse of that discretion is shown. See People v. Fisher, 249 N.Y. 419, 164 N.E. 336 (1928). The existence of a confession by co-defendant A, admissible in evidence against him but not against co-defendant B whom the confession implicates, is only one factor which the trial judge may consider in deciding whether B is entitled to a separate trial because a joint trial would be prejudicial. The presence of this factor does not, of itself, compel the conclusion that an abuse of discretion has been committed if the trial judge denies a motion for a separate trial. See People v. Snyder, supra, 246 N.Y. at 497, 159 N.E. 408.[6] The New York courts have recognized, however, that where, absent the evidence of a confession by one co-defendant, the evidence against another

co-defendant would be too weak to justify a conviction, or even where such a conviction would be doubtful, the trial court's decision not to grant a separate trial would constitute an abuse of discretion even though proper limiting instructions had been given to the jury at the trial. "One who makes no confession must be found guilty, if at all, only on proof independent of a confession by a codefendant." People v. Fisher, supra, 249 N.Y. at 427–428, 164 N.E. at 339. Thus, in People v. Feolo, 282 N.Y. 276, 26 N.E.2d 256 (1940), the trial court's denial of a severance was reversed and a new trial ordered for the non-confessing defendants on the ground that without the introduction of a co-defendant's confession the conviction of the other co-defendants "would have been far from a certainty." Id. at 282, 26 N.E.2d at 258; see People v. La Ruffa, 2 A.D.2d 765, 153 N.Y.S.2d 352 (2d Dep't 1956).[7]

The propriety of the use of a joint trial within the context of the New York procedures discussed above has been considered by the Supreme Court in Malinski v. New York, 324 U.S. 401, 65 S.Ct. 781, 89 L.Ed. 1029 (1945). In that case, the Supreme Court refused to reverse a conviction of a co-defendant on Fourteenth Amendment grounds where the confession of another co-defendant, implicating the former, was introduced into evidence in a joint trial. The Court did not decide the issue of whether the introduction of the confession was prejudicial to the non-confessing co-defendant, but stated that the question was one of state procedure and therefore beyond the Court's province of review. It should, nevertheless, be noted that in that case

---

4. 370 U.S. 962, 82 S.Ct. 1620, 8 L.Ed.2d 829 (1962).

5. New York Code of Criminal Procedure § 391:
 "Defendants, jointly indicted, may be tried separately or jointly in the discretion of the court."

6. These cases presuppose, of course, that proper instructions are given by the trial court to the jury limiting the use of the confession as evidence going only to the

guilt of the confessing defendant. See People v. Fisher, supra, 249 N.Y. at 425, 164 N.E. 336.

7. It should be noted that in the instant case the question of whether there was sufficient evidence, aside from the confession implicating petitioner, was apparently squarely presented to the Appellate Division. See Brief for Respondent, pp. 25–26, in the Appellate Division, attached to the affidavit in opposition to petitioner's application for a writ.

the Court implicitly approved the careful steps taken by the trial court to work out a procedure to protect the defendant's rights. Wherever reference was made in the confession to the other co-defendants, a letter of the alphabet was substituted for their names, and the jury was plainly instructed that the confession was admitted against the confessor alone. They were further advised not to speculate concerning the identity of the persons hypothetically represented by the letters. Id. at 411, 65 S.Ct. at 786. A similar procedure was used in the case at bar, with almost identical instructions given by the trial court.[8] It is true that the efficacy of this procedure and the safeguards it provides for the non-confessing co-defendant may be subject to some criticism.[9] However, the Supreme Court has more recently stated that state procedures of this nature do not "run foul of the Fourteenth Amendment because another method may seem to [its] thinking to be fairer or wiser or to give a surer promise of protection to the prisoner at the bar." See Stein v. New York, 346 U.S. 156, 196, 73 S.Ct. 1077, 1098, 97 L.Ed. 1522 (1953). In that case, a defendant who had not confessed unsuccessfully moved in the trial court to have all reference to him stricken from the confessions of two co-defendants. The Supreme Court held that there was no constitutional error that would justify its setting aside his conviction. It also stated:

> "Basically, [defendant's] objection to the introduction of these confessions is that to him they are hearsay. The hearsay-evidence rule, with all its subtleties, anomalies and ramifications, will not be read into the Fourteenth Amendment." Ibid.

■ Finally, in Delli Paoli v. United States, 352 U.S. 232, 77 S.Ct. 294, 1 L.Ed. 2d 278 (1957), where a confession of one co-defendant was introduced into evidence in a joint trial of four co-defendants on a federal charge of conspiring to deal unlawfully in alcohol, the Supreme Court held that the trial court's instruction to the jury that the confession be considered only to determine the guilt of the confessing defendant was sufficient protection of the non-confessing defendants' rights. This case furnishes additional support for the proposition that as long as a confession of one co-defendant is received with proper limiting instructions to the jury as to its use, it does not, under the Fourteenth Amendment of the Constitution, violate the rights of the non-confessing defendant. While it is true that in that case a separate trial was never requested on behalf of any defendant, I do not believe that fact is of controlling significance. See United States v. Caron, 266 F.2d 49 (2 Cir. 1959), which relied upon Delli Paoli

8. The trial court stated to the jury: "Therefore, I instruct you that the alleged statements or confession made by the [confessing co-defendant] * * * may not be considered or weighed in determining the guilt or innocence of the [other co-defendants] * * *.

"I therefore instructed the Detective on the witness stand, outside your presence, that in giving his testimony as to the statements allegedly made by the [confessing co-defendant] * * * to him, that he should abstain from mentioning by name any other person or persons referred to in said alleged statements made to him by the [confessing co-defendant], * * * and to substitute letters of the alphabet A, B, C, D, respectively, where names were, according to the testimony he is about to give,

allegedly stated by the [confessing co-defendant] * * * to him * * *.

"Now, you would not be fair, and you would not be doing your duty, if you considered these alleged statements by the [confessing co-defendant] * * * to the Detective * * *, which he is about to testify—I say, you would not be fair * * * if you endeavor to speculate as to who the persons were who are referred to as A, B, C, or D, respectively * * *." Record, vol. 2, pp. 913–15.

9. See Justice Rutledge's dissenting opinion in Malinski, in which he describes the procedures used by the New York courts in these circumstances as "so obvious as perhaps to emphasize the identity of those they purported to conceal." 324 U.S. at 430, 65 S.Ct. at 795.

in finding no error in denial of a motion to sever in circumstances similar to those alleged here.

For the above reasons, therefore, the petition for a writ of habeas corpus is denied. So ordered.