■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. ULYSSES SMALLS, Appellant.— Judgment convicting defendant, after trial, of robbery in the first degree, unanimously reversed on the law and a new trial ordered. The complainant, the only witness to the robbery, in addition to identifying defendant at trial, was properly permitted to testify of his identification of defendant on a prior occasion (Code Crim. Pro., § 393-b). However, since the complainant's testimony in that respect was not attacked as a "recent contrivance", it was reversible error to admit, over objection, the testimony of the detective substantiating the prior identification (People v. Trowbridge, 305 N. Y. 471). Furthermore, it was also error for the court to receive, despite defendant's objection, testimony of an admission made by the codefendant without an accompanying instruction that it was not binding upon defendant (People v. Marshall, 306 N. Y. 223; People v. Vaccaro, 288 N. Y. 170). Nor was an appropriate limiting instruction given to the jury in the court's charge. The failure to give such instruction was aggravated by the references made to the codefendant's admission, both by the prosecutor in his opening remarks (see People v. Lombard, 4 A D 2d 666), and by the court in its charge to the jury (see People v. Marshall, supra.) In the circumstances a new trial is required. Concur — Botein, P. J., Breitel, Rabin, Eager and Steuer, JJ.