Calvin DUNCAN, Jr., Appellant,

v.

UNITED STATES, Appellee.

Calvin DUNCAN, Jr., Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

Nos. 3856, 3857.

District of Columbia Court of Appeals.

Argued March 7, 1966.

Decided April 28, 1966.

Peter R. Sherman, Washington, D. C. (appointed by this court), for appellant.

Allan M. Palmer, Asst. U. S. Atty., with whom John C. Conliff, Jr., U. S. Atty., and Frank Q. Nebeker and Henry J. Monahan, Asst. U. S. Attys., were on the brief, for appellee in No. 3856.

David P. Sutton, Asst. Corporation Counsel, with whom Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Hubert B. Pair, Asst. Corporation Counsel, were on the brief, for appellee in No. 3857.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

QUINN, Associate Judge:

Appellant was convicted of disorderly conduct under Code 1961, § 22–1107 and of simple assault under Code 1961, § 22–504. At the trial before the court sitting without a jury the arresting officer testified that he had just ordered a group of juveniles of both sexes to move off the corner of Rhode Island Avenue and First Street, N.W., when appellant and a companion approached. Appellant stopped and looked around and the officer also ordered him to move on. Appellant walked away reluctantly and when he was about five feet from the officer, the latter heard him remark, in a fairly loud voice, "No black s— o— b—, m— f— cop is going to chase me off the corner." Appellant's back was to the officer and the officer testified that he did not know whether appellant was addressing him or the companion.

Upon hearing the obscene remarks, the police officer placed appellant under arrest on a charge of disorderly conduct. As he put his hands on appellant in order to effectuate the arrest, appellant swung at him, striking him in the shoulder. A crowd gathered and a melee followed during which the officer's hand was bitten by appellant. The officer admitted that he was holding the collar of appellant's coat rather tightly at the time.

Testifying in his own behalf, appellant admitted that he used "profane" words, but stated that they were not spoken to or about the officer. He claimed that they were used in reference to a dance to which he was not going. He further testified that he tapped the officer on the shoulder in order to get him to release the grip on his neck and that he bit the officer because he was being choked.

The trial court found appellant guilty of both charges and this appeal followed. Appellant seeks reversal of the convictions

contending that an essential element of the disorderly conduct charge was lacking, that his arrest was thus made without probable cause, and that consequently he had a right to use reasonable force to resist the unlawful arrest.

The disorderly conduct statute, Code 1961, § 22–1107, under which appellant was charged and convicted, provides that:

"* * * [I]t shall not be lawful for any person or persons to curse, swear, or make use of any profane language or indecent or obscene words, or enage in any disorderly conduct in any street, avenue, alley, road, highway, public park or inclosure, public building, church, or assembly room, or in any other public place, or in any place wherefrom the same may be heard in any street, avenue, alley, road, highway, public park or inclosure, or other building, or in any premises other than those where the offense was committed * * *."

Although the statute, by its terms, requires only a showing that profane, indecent or obscene words were used or·heard in a public place, appellant argues that a third element—circumstances which may tend to incite a breach of the peace—must be found before a conviction can result. He contends that prior decisions of this court [1] reviewing convictions under the statute considered the "circumstances" element; that the police should not be given the power to arrest for the use of profanity regardless of the circumstances; and that to allow profanity to be an offense per se would raise constitutional questions under the free speech and due process clauses of the Constitution.

As to this last point, the Supreme Court of the United States has stated that lewd, profane and obscene words are beyond the protection of the First Amendment. Chaplinsky v. State of New Hampshire,. 315 U.S. 568, 62 S.Ct. 766, 86 L.Ed. 1031 (1942). Moreover, disorderly conduct is generally held to embrace those actions or words which tend to corrupt the *public morals or outrage the sense of public decency,* 2 Wharton, Criminal Law and Procedure § 805, and it is not limited to those acts which tend to breach the peace or cause an actual disturbance. City of Saint Paul v. Morris, 258 Minn. 467, 104 N.W.2d 902 (1960), cert. denied 365 U.S. 815, 81 S.Ct. 696, 5 L.Ed.2d 693 (1961). It may well be that Section 22–1107 is violated when indecent or obscene words are uttered in a public place where they might be heard by others even though they would not be likely to cause a breach of the peace. But we need not decide that now, for assuming, without deciding, that appellant's contention has merit, we believe the circumstances present in this case were such that a breach of the peace might have been incited by appellant's words.

It is a reasonable inference from the evidence presented that the obscene words spoken by appellant in a fairly loud voice, about five feet away from the officer, were meant for his ears even if not spoken directly to him. As such they were insulting, degrading, abusive, and fighting words— an invitation to trouble and a breach of the peace. That they were addressed to or about a police officer does not alter the situation. Mayle v. District of Columbia, D.C.Mun.App., 168 A.2d 398 (1961); City of St. Petersburg v. Calbeck, 121 So.2d 814 (Fla.1960); Elmore v. State, 15 Ga.App. 461, 83 S.E. 799 (1914); City of Saint Paul v. Morris, supra; People v. Pleasant, 23 Misc.2d 367, 122 N.Y.S.2d 141 (1953); People v. Fenton, 102 Misc. 43, 168 N.Y.S. 725 (1917); Pavish v. Meyers, 129 Wash. 605, 225 P. 633, 34 A.L.R. 561 (1924); see Annot. 34 A.L.R. 566 (1925). As stated in Pavish v. Meyers, supra, 225 P. at 634, 34 A.L.R. at 563:

"* * * although it is the duty of a peace officer to preserve the peace, yet

---

1. Heilman v. District of Columbia, D.C. Mun.App., 172 A.2d 141 (1961); Morris v. District of Columbia, D.C.Mun.App., 31 A.2d 652 (1943).

he is like other human beings and under great stress of abuse may forget his official duty and fight back. He does not lose his human nature simply because he wears a star. But if he, for the time being, observe the injunction of his oath, the offense still tends to breach the peace, because, once off duty and being a private citizen, he may resent the abuse and thus violate the peace. * * *"

We thus are of the opinion that appellant's arrest was legal and that his convictions must be affirmed.

One further matter must be discussed. Appellant sought production of a police report under the Jencks Act, 18 U.S. C.A. § 3500. As he failed to lay a proper foundation by showing that the words in the statement were those of the government witness, the court did not err in refusing to order its production. 18 U.S.C.A. § 3500 (e)(2).

Affirmed.