THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v
PATRICK J. O'NEILL, Appellant.

Fourth Department, March 27, 1981

APPEARANCES OF COUNSEL

*Rose H. Sconiers (Joseph Shifflett* of counsel), for appellant.

*Edward C. Cosgrove, District Attorney (Joseph Matteliano* of counsel), for respondent.

CARDAMONE, J. P.

Defendant was indicted and charged with two counts of criminal possession of a forged instrument in the second degree (Penal Law, § 170.25) and two counts of attempted grand larceny in the second degree (Penal Law, §§ 110.00, 155.35). These charges arose from an attempt to cash a Niagara County Savings Bank treasurer's check for $8,750 on May 7, 1976 at the Manufacturers and Traders Trust Company Bank in Buffalo, New York and an attempt to cash on that same date a second Niagara County Savings Bank treasurer's check for the same amount at the Liberty National Bank also in Buffalo. Following a jury trial, defendant was found guilty of all counts. This appeal followed.

The People's case consisted of the testimony of two tellers employed at the Midtown Branch of the Manufacturers and Traders Bank and a teller and an officer of the Liberty Bank. All of these witnesses made an in-court identification of defendant as the man who had presented for payment, at the respective banks, the two checks drawn upon an account at the Niagara County Savings Bank and payable to one Martin Puzo. The parties stipulated that the checks presented were forged instruments. To rebut the testimony of the prosecution witnesses, the defense produced a witness who stated that defendant was attending a meeting in Cleveland, Ohio on the morning that these crimes were being committed in Buffalo. The witness could not identify the person shown on a mug shot of defendant, which photo was an exhibit in evidence, as being the person named O'Neill whom, he knew. This witness, unlike the prosecution witnesses was unable to make an in-court identification due to the fact that during the trial—and before the defendant's case was put into evidence—defendant absconded.

■ The first issue raised is whether defendant's guilt was established by proof beyond a reasonable doubt. The certain in-court identification of defendant made by four witnesses who testified that he was the person who presented the forged checks for payment was sufficient. De-

spite minor discrepancies in their description as to his hair color, there was similar testimony from the personnel at the two banks regarding defendant's complexion, age, build and teeth. None of the witnesses wavered in his or her identification of defendant. There was, therefore, ample evidence to support the jury verdict. Were it not for the trial court's error in its charge on the alibi defense, we would affirm.

One of the pillars of our criminal justice system is the requirement that the People establish defendant's guilt beyond a reasonable doubt. A defendant has no burden of proof to sustain except, in a few statutory instances of "confession and avoidance", where the defendant admits the act, but seeks to escape criminal responsibility by proving an "affirmative defense". Thus, the Penal Law provides that where defendant raises a defense (other than an "affirmative" defense), the People have the burden of *disproving* such defense beyond a reasonable doubt (Penal Law, § 25.00, subd 1). Statutory defenses include infancy, mental disease or defect and justification (Penal Law, §§ 30.00, 30.05, 35.00). Where, however, a defense declared by statute to be an affirmative defense is raised at trial the defendant has the burden of establishing it by the preponderance of the evidence (Penal Law, § 25.00, subd 2). These so-called "confession and avoidance" defenses arise when defendant admits that he was engaged in criminal conduct, but asserts that such conduct occurred only because he was coerced, encouraged by a public servant to commit the crime or withdrew prior to the commission of the crime (Penal Law, art 40, § 40.00, Duress, § 40.05; Entrapment; § 40.10, Renunciation). The defense offered here was not an "affirmative" defense.

In this case defendant offered an "alibi defense" by presenting evidence that he was in another city when the crimes occurred. Strictly speaking, a claim of alibi is not a defense at all (see Marks & Paperno, Criminal Law in New York Under the Revised Penal Law, § 153; Fisch, New York Evidence [2d ed], § 239). Instead alibi testimony is merely evidence that tends to rebut prosecution evidence establishing defendant's presence at the scene of the crime. As such it casts no extra burden on the defen-

dant and it does not alter the People's burden of establishing every element of the crime beyond a reasonable doubt. The prosecution is required to disprove the alibi. It can best do this, however, by proving its own case beyond a reasonable doubt (Penal Law, § 25.00, subd 1).

Here the trial court instructed the jury to acquit if they believed the alibi testimony. The court then, however, cautioned the jury that they "must be satisfied as to the truth of the alibi". This instruction is correct and did not in itself improperly shift the burden of proof. It merely informed the jury that if they found that the defendant had been in Cleveland at the pertinent time it would have been impossible for him to have committed the crimes in Buffalo. The court erred, however, in failing to tell the jury that a contrary finding regarding the alibi testimony did not automatically authorize a guilty verdict; the People had the burden of disproving the alibi defense beyond a reasonable doubt; and the alibi defense when considered with other evidence may raise a reasonable doubt as to guilt.

The court did not explain that a guilty verdict cannot result from a mere disbelief of the alibi testimony. This omission created the possibility that the jury might have concluded, without considering the weight of the prosecution's evidence, that since the defendant was not in Cleveland he must have been in Buffalo and committed the crimes. The effect of this truncated instruction was an impermissible shifting of the burden of proof which had the effect of requiring the defendant to prove his absence from the two banks on the day of the crimes. To this charge, defendant properly excepted (CPL 470.05, subd 2).

The Court of Appeals has stated with reference to the "alibi" defense that: it is not "an exculpatory defense upon which the defendant has the burden of proof" *(People v Russell*, 266 NY 147, 152, quoted in *People v Rabinowitz*, 290 NY 386, 388). Rather, it is evidence which is to be considered with other evidence in determining whether a reasonable doubt exists as to defendant's guilt *(People v Elmore*, 277 NY 397, 405-406; *People v Barbato*, 254 NY 170, 179). Two other departments have recently considered similar charges involving an alibi defense and reached the

same conclusion as we do in this case *(People v Velazquez,* 77 AD2d 845 [1st Dept, 1980]; cf. *People v Sowell,* 75 AD2d 608 [2d Dept, 1980]). The danger to be avoided in these cases is, of course, the tempting—but not logical— conclusion that if the jury does not believe that the defendant was where he claimed to be, he must, perforce, have been at the scene of the crime.

We note that there was absent from the alibi charge given in the case in the First Department the statement present in this case that: "the burden of proof on the People never shifts". Nonetheless, we conclude that from the charge as given the jury could reasonably have interpreted it as requiring the defendant to adduce some quantum of evidence as to the truth of the alibi despite the instruction that "the burden of proof on the People never shifts". Rather, the jury should have been instructed that the burden is upon the People to disprove the alibi beyond a reasonable doubt (Penal Law, § 25.00, subd 1; *People v Jones,* 74 AD2d 515; *People v Velazquez, supra,* p 846); and the jury should have been further charged that either the alibi itself raised or, when considered with all other evidence, could raise a reasonable doubt as to defendant's guilt *(People v Jones, supra; People v Barbato, supra,* p 179; *People v Elmore, supra,* pp 405-406).

We believe that this error in the charge prejudiced defendant and mandates that he receive a new trial. Accordingly, the judgment of conviction should be reversed and a new trial should be granted.

MOULE, J. (dissenting). The test in examining a jury charge is whether the jury, hearing the whole charge, gathered from its language the correct rules to be applied in reaching a decision *(People v Russell,* 266 NY 147). In considering the entire charge in this case, the jury was correctly instructed, and there is no basis for granting a new trial to obtain another alibi instruction when the charge correctly presented the prosecution's burden to the jury, as well as the proper consideration of the alibi *(People v Brown,* 62 AD2d 715, affd 48 NY2d 921).

The court instructed the jury that, if defendant's alibi was sufficient to raise a reasonable doubt concerning his

whereabouts at the particular time when the crimes were committed, he was entitled to an acquittal; that defendant was not required to prove his alibi beyond a reasonable doubt; and that the People's burden of proof never shifts. Furthermore, the court specifically instructed that the burden was on the People to establish beyond a reasonable doubt the necessary element that defendant was the perpetrator of the crimes charged and, if they failed to prove this element of the crime, a verdict of not guilty must be returned. The court's statements satisfy the necessary standards for alibi instructions, and place on defendant no improper burden of proof on this issue (see *People v Rabinowitz*, 290 NY 386; *People v Elmore*, 277 NY 397; *People v Barbato*, 254 NY 170; *People v Jones*, 74 AD2d 515).

Judgment reversed on the law and facts, and a new trial granted.

SIMONS and SCHNEPP, JJ., concur with CARDAMONE, J. P.; CALLAHAN, J., not participating; MOULE, J., dissents and votes to affirm in a separate opinion.