■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN LANDOR, Appellant. — Appeal from a judgment of the County Court of Albany County (Clyne, J.), rendered July 24, 1981, upon a verdict convicting defendant of two counts of the crime of sodomy in the first degree, one count of rape in the first degree and one count of aggravated sexual abuse. Defendant was convicted of crimes stemming from a violent sexual attack on Susan Hickok in the early morning hours of November 25, 1979 in her apartment. Crucial to defendant's conviction was acceptance by the jury of the victim's identification of defendant and its repudiation of defendant's alibi defense. Defendant alleges several instances of error committed during the course of trial which he urges denied him due process of law and a fair trial. We will discuss those which we deem to merit consideration. Defendant contends that the victim's identification of him was flawed in that the identification procedures utilized by the police were unduly suggestive. We disagree. The photo arrays from which the victim selected defendant on two different occasions consisted of photos of males similar in appearance and age to defendant. At least one other male in the grouping wore clothes of the same type as did defendant. This nullified any suggestiveness stemming from the fact that defendant's clothes in the picture were similar to the apparel worn by the perpetrator of the crime. The showup of defendant also was not unduly suggestive. Defendant appeared in a room in

which there were some 200 people. The victim immediately pointed him out without any prompting. We deem the photo and showup identification to be entirely proper. It is noteworthy, too, that the victim had adequate opportunity to view her attacker face to face on two occasions when he appeared at her apartment door. These instances were of sufficient duration to constitute an independent basis to justify an in-court identification of him by Ms. Hickok irrespective of the photo and showup identifications. There are other problem areas which surfaced in the course of the trial requiring discussion. Defense counsel requested instruction from the court regarding the alibi defense offered by defendant. The jury was charged with the function of weighing Ms. Hickok's identification of defendant vis-à-vis testimony of defendant's witnesses relevant to his alibi defense. The court was obliged to include in its charge a statement of the fundamental legal principles applicable to the case so as to assist the jury in discharging its function (see CPL 300.10). Where, as here, we are concerned with a pure identification case contradicted by alibi testimony, the situation demands utmost caution. We deem the court's instructions on identification to be legally sufficient but, upon the retrial, which we determine to be necessary, it is indicated that a more thorough instruction on identification be given in the interest of justice. Regarding the alibi defense, the court clearly erred in its instructions. The court charged the jury that: "The defendant claims that he was not present at the scene of the crime and has offered testimony to show that he was elsewhere. In the law this is known as an alibi defense. As I have previously charged you, the People have the burden of establishing the guilt of the defendant beyond a reasonable doubt. The defendant is not required to prove his innocence. If the evidence as to the alibi, if believed by you, the jury, when taken into consideration with all of the other evidence raises a reasonable doubt as to the defendant's guilt, he is entitled to an acquittal." The court in substance said to the jury that if the alibi is believed and raises a reasonable doubt as to defendant's guilt then defendant "is entitled to an acquittal". This instruction implies an obligation that defendant bears some burden of proof on the alibi. Its implication is contrary to the law (Penal Law, § 25.00; see *People v Russell,* 266 NY 147; *People v O'Neill,* 79 AD2d 429). The court's general instruction that the People have to prove defendant's guilt beyond a reasonable doubt does not dispel the confusion created by the alibi instruction (see *People v Daniels,* 88 AD2d 392, 403; *People v O'Neill, supra,* p 433; *People v Jones,* 74 AD2d 515). This error, on a fundamental principle of law, requires a reversal. As we have already noted, the alibi defense was of prime importance to defendant. Thus, when the court permitted the prosecutor to question defendant's brother, an alibi witness, about his failure to reveal to the police that defendant had an alibi and then refused the defense counsel's request that the jury be advised that the witness had no moral or civic duty to come forward with the information, the court erred. The Court of Appeals has indicated that where questioning of this nature is permitted, the Trial Judge *should* inform the jurors, upon request, that the witness need not volunteer the exculpatory information to police authorities (see *People v Dawson,* 50 NY2d 311). Under the instant circumstances, a failure to so charge may well have led the jury to conclude that the alibi was concocted. The requested charge was crucial to the defense. Finally, the defense alleges error in the court's failure to instruct the jury as to the purpose of rebuttal evidence. The defense requested that the court instruct that rebuttal evidence is not evidence-in-chief but is offered only as proof that the statements were uttered, and their admission relates only to the question of credibility of the witnesses who made them. The court permitted rebuttal evidence relating to statements made by defendant and his parents as to his

whereabouts during the time the crime was committed which varied from that offered at trial. In failing to give the traditional instruction on the nature of rebuttal evidence, the court committed reversible error (*People v Washington,* 68 AD2d 90, 100, affd 51 NY2d 214; *People v Campbell,* 59 AD2d 912). Judgment reversed, on the law, and a new trial ordered. Main, J. P., Casey, Mikoll, Yesawich, Jr., and Levine, JJ., concur.