■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL RODRI-GUEZ, Appellant. — Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County (Beldock, J.), imposed March 6, 1981. ¶ Sentence affirmed. (See *People v O'Neill,* 86 AD2d 213.) Lazer, J. P., Mangano, Weinstein and Brown, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STANLEY RUDD, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Kings County (Clemente, J.), rendered May 14, 1982, convicting him of robbery in the first degree, robbery in the second degree, assault in the second degree, grand larceny in the third degree and criminal possession of a weapon in the fourth degree, upon a jury verdict, and imposing sentence. ¶ Judgment reversed, as a matter of discretion in the interest of justice, and new trial ordered. ¶ The alibi charge given in this case failed to adequately explain to the jury that, even if they disbelieved the defense, the People still had the burden of proving defendant's guilt beyond a reasonable doubt. Since the identification testimony was far from overwhelming, the interest of justice warrants a new trial (*People v Vera,* 94 AD2d 728; cf. *People v Gonzalez,* 97 AD2d 423). We also note that while the court's instructions on identification were legally sufficient (see *People v Whalen,* 59 NY2d 273), a more expansive instruction on the subject should be given upon the retrial (see, e.g., *People v Knowell,* 94 AD2d 255, 258-259; *People v Rothaar,* 75 AD2d 652; *People v Gardner,* 59 AD2d 913). Titone, J. P., O'Connor, Brown and Eiber, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ENRIQUE SANTI-AGO, Appellant. — Appeal by defendant from two judgments of the Supreme Court, Kings County (Lombardo, J.), both rendered March 15, 1982, convicting him of robbery in the first degree and attempted robbery in the second degree, upon his pleas of guilty, and imposing sentences. ¶ Judgments affirmed. ¶ The defendant did not raise his objections to the adequacy of the plea allocutions to the court of first instance and thus failed, as a matter of law, to preserve his claim for appellate review (see *People v Pellegrino,* 60 NY2d 636; *People v Pascale,* 48 NY2d 997; *People v McKenzie,* 88 AD2d 646). ¶ In any event, the absence of a complete factual recitation of the underlying facts does not require automatic reversal of the convictions as it appears from the record that the pleas were entered both knowingly and voluntarily, and with competent assistance of counsel (see *People v Harris,* 61 NY2d 9, 16-17; *People v Moore,* 91 AD2d 1050). There is no indication that the guilty pleas were improvidently based, nor does defendant assert his innocence as to either conviction. These facts do not require reversal of the convictions in the interest of justice. Titone, J. P., O'Connor, Brown and Eiber, JJ., concur.