OPINION OF THE COURT

Per Curiam.

This appeal concerns the appropriate treatment a trial court must give to alibi evidence in its charge to the jury. The People have the burden of disproving an alibi beyond a reasonable doubt and, therefore, a charge regarding an alibi must unequivocally convey that burden to the jury.
Defendant was charged in two separate indictments with robberies at a Bronx luncheonette on October 30,1978, and on December 15, 1978. These indictments were consolidated and, at trial, defendant presented evidence that he was in Manhattan when both crimes occurred. The jury acquitted defendant of the first robbery but convicted him of the second. The Appellate Division reversed the conviction and ordered a new trial on the ground that the charge given impermissibly shifted the People’s burden of proof relating to the alibi evidence. On this appeal, the People contend that the Trial Judge’s express refusal to charge the jury as requested, that “the People have the burden of disproving the alibi defense beyond a reasonable doubt”, was not error and that the charge, taken as a whole, was correct.
The instruction on the alibi evidence, stated in pertinent part:
“In all criminal cases the defendant never has the burden of proof. In all criminal cases the prosecution, at all times, has the burden of proof and the prosecution must prove a defendant’s guilt beyond a reasonable doubt. If the evidence as to the alibi raises a reasonable doubt in your minds as to whether or not the defendant was present at the time and place, or times and place, singular, either situation, which are alleged in the indictments as times when crimes were committed, or that he aided and abetted and participated in the commission of the December crime *377 charged in the second indictment, the defendant is entitled to have that testimony fairly treated like any other testimony in the case, although he is not obligated to establish that it was impossible for him to have committed, aided or participated in the commission of the crimes charged in the indictments.
“If, under the evidence tending, if true, to prove that alibi it may be possible for the * * defendant to have committed the crimes, it is still for the jury to determine whether, if that evidence is true, he availed himself of the possibilities afforded. If the proof as to alibi, when taken into consideration with all of the other evidence in the case, raises a reasonable doubt as to the defendant’s guilt of any of the four crimes with which we are concerned, he is entitled to an acquital of that crime that you are considering.”
An alibi is not an affirmative or exculpatory defense which the defendant has the burden of proving (see People v Russell, 266 NY 147, 152; People v O’Neill, 79 AD2d 429, 431; Penal Law, § 25.00, subd 2). Any charge that leads a jury to believe or suggests that a defendant has such a burden, unconstitutionally relieves the People of their burden of proving guilt beyond a reasonable doubt (see People v Whalen, 59 NY2d 273, 279; People v Vaccaro, 288 NY 170, 173; People v Riordan, 117 NY 71, 73; People v Lediard, 80 AD2d 237, 241-242; see, generally, Matter of Winship, 397 US 358, 364).
While not an affirmative defense, neither is alibi expressly included in the Penal Law as a “defense” which the People must disprove beyond a reasonable doubt (see People v O’Neill, 79 AD2d 429, 431, supra; Penal Law, § 25.00, subd 1; Fisch, New York Evidence [2d ed], § 239). Rather, it is simply evidence that will require an acquittal, if, when all the evidence is considered, a reasonable doubt is raised as to defendant’s guilt (see People v Elmore, 277 NY 397, 405-406; People v Barbato, 254 NY 170, 178-179). Nevertheless, in order to avoid confusion and ensure that the jury understands that the People must always meet their burden of proving that the accused áctually committed the crime, an alibi is treated for practical purposes the same as a statutory “defense” under subdivision 1 of section 25.00 *378 of the Penal Law (see People v Vaccaro, 288 NY 170, 173, supra; People v Landor, 92 AD2d 625, 626; People v Daniels, 88 AD2d 392, 403; People v Lediard, 80 AD2d 237, 241-242, supra; People v O’Neill, 79 AD2d 429, 431-433, supra; Wright v Smith, 569 F2d 1188, 1189, n 1). Thus, the People have the burden of disproving an alibi beyond a reasonable doubt, and a Judge must unequivocally state that burden in the jury charge (see People v Landor, 92 AD2d 625, 626, supra; People v Grant, 84 AD2d 793, 793-794; People v O’Neill, 79 AD2d 429, 433, supra; People v Jones, 74 AD2d 515; 1 NY CJI 12.10).
Here, the language regarding alibi evidence, that “under the evidence tending, if true, to prove [an] alibi” and “if [the] evidence is true,” while not erroneous on its face (see People v Barbato, 254 NY 170, 178-179, supra), may have conveyed to the jury, not accustomed to digesting rules of law, that the defendant must prove the truth of the alibi (see People v Jones, 74 AD2d 515, supra). Similarly, the charge that defendant was “not obligated to establish that it was impossible for him to have committed * * * the crimes charged” (emphasis added), may have erroneously indicated that defendant bore at least some burden with respect to “establishing” the alibi. Thus, viewed in its entirety, the charge was not satisfactory without the additional requested warning that the People had the entire burden of disproving the alibi beyond a reasonable doubt.
In light of this disposition, we do not reach defendant’s other arguments.
Accordingly, the order of the Appellate Division should be affirmed.
Chief Judge Cooke and Judges Jasen, Jones, Wacht-ler, Meyer, Simons and Kaye concur in Per Curiam opinion.
Order affirmed.