■ . THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v THOMAS BOYLE, Appellant. — Appeal by defendant from a judgment of the Supreme Court, Queens County (Rotker, J.), rendered December 15, 1983, convicting him of attempted criminal possession of stolen property in the first degree, upon his plea of guilty, and imposing sentence as a second felony offender.

Judgment affirmed.

The defendant contends that his conviction should be reversed because his plea of guilty was based upon an insufficient allocution or, in the alternative, he should be resentenced because his status as a second felony offender was based upon an unconstitutional prior plea. By failing to make a motion to withdraw his plea or vacate his conviction to the court of first instance, the

defendant has failed to preserve the issue of the sufficiency of the allocution for appellate review (*see, People v Pellegrino,* 60 NY2d 636; *People v Santiago,* 100 AD2d 857). In any case, the absence of a complete factual recitation of the underlying facts would not require reversal of the conviction since it is clear from the record that the plea was entered into knowingly, voluntarily and with the assistance of counsel (*see, People v Harris,* 61 NY2d 9, 16-17; *People v Nixon,* 21 NY2d 338, 353-354, *cert denied sub nom. Robinson v New York,* 393 US 1067; *People v Santiago, supra*).

The predicate felony conviction, also resulting from a plea of guilty, likewise contained no constitutional defects. A guilty plea is not invalid solely because the court failed to specifically enumerate all the defendant's rights and elicit from him a detailed list of waivers (*People v Harris, supra,* p 16). Further, it was not necessary for the defendant to be expressly advised at the time of his prior guilty plea that the conviction would provide a predicate for a more severe sentence should he commit another felony (*see, People v McGrath,* 43 NY2d 803). Lazer, J. P., Mangano, O'Connor and Brown, JJ., concur.