■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LARRY ADAMS, Appellant.—Appeal by defendant from a judgment of the Supreme Court, Kings County (D'Amaro, J.), rendered March 31, 1976, convicting him of two counts of robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment reversed, on the law and as a matter of discretion in the interest of justice, and new trial ordered. No questions of fact have been raised or considered.

At approximately 10:15 P.M., on June 21, 1974, a robbery occurred in the Brief Encounter bar located on DeKalb Avenue in Brooklyn. Two witnesses identified defendant as one of the robbers, and proceeds from the robbery were found in a car he was driving. At trial, defendant, who was some five inches taller than a description given to the police, denied involvement in the robbery, and testified, *inter alia,* that between approximately 7:45 P.M., and 11:10 P.M., he was at Tony's Flamboyant Lounge and that upon leaving he gave a lift to several acquaintances in a car he had borrowed from a friend. Two alibi witnesses, neither of whom had ever been arrested or convicted of a crime, corroborated defendant's presence at Tony's, one in fact testifying that she did not lose sight of defendant that evening for any period longer than 10 to 15 minutes. Testimony revealed that a round trip between Tony's on Franklin Avenue and the Brief Encounter would take 28 to 30 minutes (according to a defense witness), or 18 minutes (according to a People's witness).

On this appeal from a conviction of two counts of second degree robbery, defendant contends, *inter alia,* that the jury instruction on alibi was so prejudicial as to deprive him of a fair trial. We agree.

In its instruction to the jury, Criminal Term charged that

"[i]f the proof as to the alibi when taken into consideration with all the other evidence raises a reasonable doubt in your mind as to the guilt of the defendant, he is entitled to an acquittal". Defense attorney objected to this charge on the ground that "alibi evidence—if it is accepted by the jury—that in and of itself is enough to create a reasonable doubt, and [the jury] must find the defendant not guilty". The court should have charged, as requested by counsel, that the alibi itself, or when considered with all other evidence, could raise a reasonable doubt as to defendant's guilt *(see, People v O'Neill,* 79 AD2d 429, 433; *People v Jones,* 74 AD2d 515; *but see, People v Barbato,* 254 NY 170, 178-179 [where the court's language is susceptible to varying interpretations]). On the facts of this case, we cannot agree with the dissent that any difference between this language and that of the trial court's is pure semantics. Here, the female alibi witness testified that she did not lose sight of defendant that evening for more than 15 minutes and this testimony, if believed, would require acquittal when a round trip between the two bars, as established by the People's own witness, would take at least 18 minutes.

In addition, the aforementioned language of the court, emphasizing "the proof as to the alibi", may have suggested to the jury, however subtly, that defendant bore some burden to prove his alibi *(but see, People v Jones, supra* [where the court couched its instruction in terms of "evidence"]). This impermissible suggestion was underlined and aggravated by the court's explicit instruction that "defendant is not obligated to establish his alibi defense beyond a reasonable doubt", and its failure to charge, as required by law, that defendant had no burden of proof whatsoever in regard to alibi and that the People had the burden of disproving the alibi beyond a reasonable doubt *(see,* Penal Law § 25.00 [1]; *People v Victor,* 62 NY2d 374; *People v Rabinowitz,* 290 NY 386; *People v Rudd,* 100 AD2d 857). Patently, the court's instruction that defendant was not obligated to establish his alibi beyond a reasonable doubt erroneously suggested that defendant had some obligation to prove his alibi *(see, People v Fludd,* 68 AD2d 409, 411). Moreover, the failure to charge that defendant had no burden of proof in regard to alibi contributed to this unfair shifting of the burden of proof away from the People and onto him *(see, People v Knowell,* 94 AD2d 255, 259-260; *People v Daniels,* 88 AD2d 392, 403; *People v Fludd, supra).* By shifting the burden to defendant rather than clearly stating the People's burden and his lack thereof, the court's instruction was

misleading, inadequate and impermissible *(see, People v Victor, supra; People v Jones, supra; People v Fludd, supra).*

Although the latter aforementioned errors were not objected to, as the dissent correctly notes, here, where the identification evidence was far from overwhelming and defendant offered a plausible alibi, these errors, in conjunction with the error duly preserved, served to deprive defendant of his due process rights to a fair trial under the Federal and State Constitutions (US Const 14th Amend; NY Const, art I, § 6; *People v Rudd, supra; People v Chestnut,* 99 AD2d 515). Accordingly, we reverse the judgment and order a new trial.

We have reviewed defendant's other contentions and find them to be unpreserved and, in any event, without merit. Mollen, P. J., Lazer and O'Connor, JJ., concur.

Mangano, J., dissents and votes to affirm the judgment of conviction, with the following memorandum, in which Thompson, J., concurs: The majority is of the view that the defendant was deprived of a fair trial due to the trial court's instructions to the jury concerning the defendant's alibi defense.

I respectfully disagree.

During the course of Criminal Term's instruction to the jury concerning the defendant's alibi defense, the court employed the following language: "[i]f the proof as to the alibi when taken into consideration with all the other evidence raises a reasonable doubt in your mind as to the guilt of the defendant, he is entitled to an acquittal". Defense counsel objected to this portion of the charge and requested that Criminal Term charge instead as follows: "alibi evidence—if it is accepted by the jury—that in and of itself is enough to create a reasonable doubt, and [the jury] must find the defendant not guilty".

This request was denied by Criminal Term.

The majority is of the view that this portion of Criminal Term's charge was erroneous and that the defense counsel's request to charge should have been granted.

I respectfully disagree. The particular language employed by Criminal Term has been expressly and consistently held to be a proper statement of the law *(see, People v Barbato,* 254 NY 170; *People v Elmore,* 277 NY 397, 405-406; *People v Allocca,* 183 App Div 571; *People v Montlake,* 184 App Div 578; 1 CJI [NY] 12.10, p 696).

Accordingly, the majority's reliance on this purported error is misplaced, and its "fair trial" analysis must therefore be rejected.

The other portions of Criminal Term's charge on the alibi defense, with which the majority finds fault, do run afoul of established precedent *(see, People v Victor,* 62 NY2d 374; *People v Knowell,* 94 AD2d 255; *People v Rudd,* 100 AD2d 857). However, no objection was interposed by the defense to these errors and, therefore, they were not preserved for appellate review as a matter of law *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Little,* 62 NY2d 1020; *People v Walker,* 104 AD2d 573).

Moreover, these unpreserved errors, standing alone, do not warrant review in the interest of justice given the strong evidence of defendant's guilt and the court's instructions, which taken as a whole *(see, People v Canty,* 60 NY2d 830, 832; *People v Russell,* 266 NY 147, 153), adequately conveyed to the jury the applicable law governing its deliberations *(see, People v Beckles,* 115 AD2d 749).