■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CYRIL BECKLES, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Bernstein, J.), rendered May 26, 1982, convicting him of murder in the second degree (two counts), assault in the first degree, assault in the second degree, and criminal possession of a weapon in the second degree, upon a jury verdict, and imposing sentence.

Judgment affirmed.

On this appeal, the defendant argues, *inter alia,* that the trial court did not unequivocally instruct the jury, in accordance with *People v Victor* (62 NY2d 374, 378), that "the People have the burden of disproving an alibi beyond a reasonable doubt". After charging the jury, the court inquired of the prosecutor and defense whether they had any exceptions. Though defense counsel replied that he had none, he noted that the court may not have instructed the jury that "the District Attorney has to disprove that alibi defense by *[sic]* a reasonable doubt". However, defense counsel did not request the court to charge the jury in this manner, nor did he object to its omission. Accordingly, this issue has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Little,* 62 NY2d 1020; *People v Walker,* 104 AD2d 573). Moreover, we are not inclined to consider this issue as a ground for reversal in the interest of justice *(see,* CPL 470.15 [3] [c]), given the strong evidence of the defendant's guilt and the court's instructions, which, taken as a whole *(see, People v Canty,* 60 NY2d 830, 832; *People v Russell,* 266 NY 147, 153), adequately conveyed to the

jury the applicable law governing its deliberations. Indeed, the court's instructions included the following admonition: "Let me caution you right now, the fact that the defendant has offered proof that he was elsewhere other than at the scene of the alleged crime, does not in any way detract from the obligation of the People to prove each and every element of this crime by proof beyond a reasonable doubt. The evidence of alibi; that is, that the defendant was not at the scene at the time of the murder, is evidence which you may consider to determine whether the People have proven the defendant guilty by evidence beyond a reasonable doubt."

We have reviewed the defendant's remaining contentions and find them to be lacking in merit. Mollen, P. J., Mangano and Weinstein JJ., concur.

O'Connor, J., dissents and votes to reverse the judgment of conviction and order a new trial, with the following memorandum:

On this appeal, defendant contends, *inter alia,* that he was denied a fair trial as a result of sundry prejudicial errors committed during the course of the trial. A careful review of the record convinces me that defendant's contention is meritorious and hence I vote to reverse the judgment and order a new trial.

The most patent error cited by defendant involved the court's charge with respect to the alibi evidence and burden of proof. Although defense counsel brought to the court's attention following its charge that the People were obliged to disprove the alibi defense beyond a reasonable doubt, the court rejected this statement as a pronouncement of the law and delivered no further charge. The Court of Appeals has, however, ruled that "the People have the burden of disproving an alibi beyond a reasonable doubt, and a Judge must unequivocally state that burden in the jury charge" *(People v Victor,* 62 NY2d 374, 378). Here, the Trial Judge failed to so state, and by "either expressly or impliedly s[eeking] or request[ing] a particular ruling or instruction", defense counsel has, in my opinion, "thereby protested the court's ultimate disposition of the matter", preserving the issue for review (CPL 470.05 [2]).

Furthermore, defendant was prejudiced by several improprieties committed by the prosecutor during summation. In his closing comments, the prosecutor improperly bolstered his own witnesses, intimated that the defense witnesses had lied and invited, at least implicitly, the jury to draw a negative

inference from defendant's failure to testify *(see, People v Brown,* 91 AD2d 615).

Although the errors contained in the prosecutor's summation were not objected to, the cumulative effect of all of the aforementioned errors, in my view, deprived defendant of a fair trial. Accordingly, I dissent and cast my vote for reversal.