■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RONALD SEABROOKS, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Egitto, J.), rendered March 12, 1982, convicting him of robbery in the first degree (two counts), and robbery in the second degree, upon a jury verdict, and imposing sentence.

Judgment modified, on the law, by reversing the conviction of robbery in the first degree under the second count of the indictment, vacating the sentence imposed thereon, and dismissing that count of the indictment. As so modified, judgment affirmed.

When reviewing a judgment of conviction, this court must view the evidence in the light most favorable to the People (see, People v Malizia, 62 NY2d 755; People v Bigelow, 106 AD2d 448). Additionally, resolution of questions relating to the credibility of witnesses is properly a function of the jury and should not be overturned on appeal (see, People v Gruttola, 43 NY2d 116; People v Sutton, 108 AD2d 942). When viewing this record in the light most favorable to the People, it is clear that the evidence adduced at trial supported the guilty verdict on count one and count three of the indictment. However, as the People concede, there was insufficient evidence to support the defendant's conviction on count two which charged the defendant with robbery in the first degree based upon the defendant using or threatening the immediate use of a dangerous instrument. Since there was no evidence at trial that the gun was loaded, fired or capable of being fired, or that the defendant did anything with the gun other than point it at the victim, the conviction of robbery in the first degree under count two of the indictment must be reversed (see, People v Bonefont, 84 AD2d 844).

The defendant's argument that his conviction should be reversed because it was a violation of his right to due process to have the victim identify him in court from a single photograph is without merit. Initially, since the defendant did not object to the identification at trial, this issue has not been preserved for appellate review (see, CPL 470.05 [2]; People v Robinson, 36 NY2d 224). In any event, because this was not an initial identification procedure and because the defendant could not be identified in person since he had absconded prior

to trial and was tried *in absentia*, the use of the defendant's photograph was proper *(cf. People v Powell,* 105 AD2d 712).

Finally, the defendant argues that the trial court did not unequivocally instruct the jury in accordance with *People v Victor* (62 NY2d 374, 378) that "the People have the burden of disproving an alibi beyond a reasonable doubt". Since the defendant neither objected to the alibi charge nor offered an alternative instruction, this issue has not been preserved for appellate review *(see,* CPL 470.05 [2]; *People v Hoke,* 62 NY2d 1022; *People v Beckles,* 115 AD2d 749). Moreover, the court's instructions, taken as a whole, adequately conveyed the applicable law to the jury *(see, People v Canty,* 60 NY2d 830; *People v Beckles, supra).* Brown, J. P., Weinstein, Niehoff and Spatt, JJ., concur.