76 N.Y.2d 773 (1990)
The People of the State of New York, Respondent,
v.
Dannell Warren, Appellant.
Court of Appeals of the State of New York.
Argued May 31, 1990.
Decided June 28, 1990.
Richard Joselson and Philip L. Weinstein for appellant.
Charles J. Hynes, District Attorney (Randa D. Maher and Jay M. Cohen of counsel), for respondent.
Chief Judge WACHTLER and Judges TITONE, HANCOCK, JR., and BELLACOSA concur; Judge KAYE dissents and votes to reverse in an opinion in which Judges SIMONS and ALEXANDER concur.
*774 MEMORANDUM.
The order of the Appellate Division should be affirmed.
Defendant was convicted of second degree burglary and related offenses. The evidence at his jury trial included the complainant's testimony identifying defendant as the person whom she saw in her bedroom just before she screamed, prompting the intruder to flee. There was also identification testimony from the complainant's brother, who had been sitting in the complainant's living room when the complainant *775 screamed and had chased the intruder through the neighborhood streets. Finally, identification testimony was given by a neighbor, who stated that he had seen defendant in the area earlier in the day and had joined the complainant's brother's chase, losing sight of defendant only when the latter "hid" under a parked car for a few minutes. This witness saw defendant emerge from his hiding place, at which point he was arrested by the police. In addition to the identification testimony, the People's trial evidence established that jewelry taken from the complainant's home was found on the ground beneath the parked car, on the seat of the patrol car used to transport defendant to the police station and, finally, in defendant's own pockets.
Defendant took the witness stand on his own behalf. He testified that he had been on a street in the neighborhood en route to his mother's house when he encountered a friend who owed him some money. The friend, who was coincidentally wearing clothing similar to defendant's, told defendant to wait on the street while he got the money to repay him. Instead of bringing money, however, the friend returned with some jewelry, which he asked defendant to hold for him until the money could be obtained. According to his version, defendant was headed toward his mother's house when he was accosted by a group of people who cursed and directed racial epithets at him. Fearing for his own safety, defendant fled.
On these facts, the trial court should have instructed the jury on the People's burden of disproving defendant's alibi, since defense counsel requested such an instruction and defendant's testimony that he was on a nearby street at the time of the burglary was legally sufficient to raise the defense of alibi (see, People v Holt, 67 N.Y.2d 819). However, given the facts of this case, the court's refusal to give such an instruction does not require reversal, since the charge as a whole conveyed the necessary information regarding the People's burden of proof (cf., People v Victor, 62 N.Y.2d 374; People v Whalen, 59 N.Y.2d 273).
The trial court specifically told the jury that the identity of defendant as the person who had committed the crime must be established by the People beyond a reasonable doubt (see, People v Whalen, supra). Further, there was no reference to the alibi defense in either the court's instruction or the summations of counsel that could have potentially misled the jury as to the proper allocation of the burden of proof on the question of the defendant's identity as the intruder (cf., People v Victor, supra, at 377).[1] *776 Indeed, the court specifically told the jury that the People have the burden of proof throughout the trial, that the burden "never, never" shifts to the defendant and, most significantly, that no burden of proof shifts to the defendant by virtue of the fact that he offered his own testimony. Under the facts present in this case, where the only contested issue was whether the accused was, in fact, the person who committed the crime, we need not reverse merely because the court did not tell the jury that the People must prove, beyond a reasonable doubt, both that defendant was the actor present at the crime scene and that he was not elsewhere at the same time.[2]
The trial court's evidentiary rulings of which defendant complains, if error, were harmless in view of the overwhelming evidence of guilt.
KAYE, J. (dissenting).
I respectfully dissent. The "charge as a whole" referred to by the majority was no more than the boilerplate charge given in all cases concerning the People's burden of proof. If such a standard charge constitutes adequate instruction on the legal principles applicable to an alibi defense, then there is no need for a jury instruction on alibi in any case, a result impossible to reconcile with our recent decisions in People v Jack (74 N.Y.2d 708) and People v Holt (67 N.Y.2d 819). People v Holt, in particular, cannot be distinguished from this case. In Holt the defendant testified that he was within a half block of the crime scene. The People argued that this was a misidentification defense, and that the court's general charge sufficiently protected defendant. We rejected that claim there, and I see no reason why the same result should not obtain here.
*777 The majority cites no case, nor have I found any, holding that the failure to deliver a properly requested alibi charge did not require reversal, on the theory that it was unnecessary because of the charge as a whole. The proposition that the absence of an alibi instruction is reversible error only when the court or counsel may have overtly misled the jury concerning the allocation of the burden of proof  a sort of "curative instruction" theory of the alibi charge  is both novel and confusing. It is not to be derived from our opinion in People v Victor (62 N.Y.2d 374), the only cited authority. To the contrary, as we explained in Victor, an alibi instruction is required to "ensure that the jury understands that the People must always meet their burden of proving that the accused actually committed the crime * * * Thus, the People have the burden of disproving an alibi beyond a reasonable doubt, and a Judge must unequivocally state that burden in the jury charge" (id., at 377-378).
It may be unpalatable to reverse defendant's conviction in a case where the defense appears improbable on the appellate record (we note that the jury did not so readily dismiss defendant's explanation, and asked to have his testimony read back in its entirety). However, a reversal is preferable to distorting what has up to now been our clear and consistent position concerning failure to deliver proper alibi instructions.
Order affirmed in a memorandum.
NOTES
[1] In Victor (62 NY2d, at 378 [emphasis supplied]), the court noted that the Trial Judge's specific alibi charge "may have conveyed * * * that the defendant must prove the truth of the alibi" and that "[t]hus, viewed in its entirety, the charge was not satisfactory without the additional requested warning".
[2] It is true, as the dissent notes, that we may not have previously had occasion to uphold a conviction, despite the erroneous omission of an alibi charge, on the ground that the charge as a whole conveyed the necessary information (but cf., People v Canty, 60 N.Y.2d 830). However, the principle that the charge as a whole must be considered is an elementary one, required by CPL 470.05 (1) (see, People v Bloeth, 9 N.Y.2d 211, 213; see also, People v Russell, 266 N.Y. 147, 153), and has been applied in at least one other context in which a legally significant charge was improperly omitted (People v Gonzalez, 54 N.Y.2d 729 [omitted "moral certainty" charge]). The principle is equally applicable here.