■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROY HAYES, Appellant. [595 NYS2d 409] —Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered August 7, 1990, convicting defendant, after a jury trial, of hindering prosecution in the first degree and tampering with evidence, and sentencing him as a second felony offender, to concurrent terms of 2 to 4 years and 1½ to 3 years, respectively, and order, same court and Justice, entered March 3, 1992, denying defendant's motion pursuant to CPL 440.10 for a new trial, unanimously affirmed. The case is remitted to Supreme Court, for further proceedings pursuant to CPL 460.50 (5).

Defendant was tried with his brothers Bruce and Donald. Bruce was convicted of murder in the second degree, while

defendant and Donald were charged and convicted only of hindering prosecution and tampering with evidence. The convictions of Bruce and Donald have been affirmed (184 AD2d 335, *lv denied* 80 NY2d 904; 179 AD2d 438, *lv denied* 79 NY2d 858).

Defendant presented an alibi defense, but his trial counsel did not ask for, and the trial court did not give, an alibi charge. Sixteen months later, counsel advised the court that his failure to request an alibi charge was an oversight. On appeal, defendant pursues his claim that this oversight deprived him of effective assistance of counsel, but based on the evidence, the court's charge, and the question of the eyewitness's credibility that was posed to the jury, we disagree that this single error warrants a reversal. While a single error can constitute ineffective assistance of counsel *(see, e.g., People v Jenkins,* 68 NY2d 896), there must be a reasonable likelihood that the error, standing alone, changed the outcome of the case *(see, People v De La Hoz,* 131 AD2d 154, 156, 158, *lv dismissed* 70 NY2d 1005). Such is not the situation here since, counsel's failure notwithstanding, "the charge as a whole conveyed the necessary information regarding the People's burden of proof" *(People v Warren,* 76 NY2d 773, 775). Defendant was not prejudiced merely because the trial court did not tell the jury that the People must prove, beyond a reasonable doubt, both that defendant was the actor present at the crime scene and that he was not elsewhere at the same time *(supra,* at 776).

The court's charge clearly advised the jury that defendant was entitled to a "separate analysis of the evidence", and, particularly relevant in light of the trial claim that the eyewitness was not credible, the court appropriately charged the jury on all aspects of witness credibility, including reconciliation of inconsistencies in a single witness's testimony and conflicts in the testimony of different witnesses. In addition, the court made particular mention of how the jury was to use evidence of "a prior statement allegedly inconsistent with the testimony given on trial", it being a major point of defendant's case that the eyewitness did not implicate him in a statement that implicated his brothers. Furthermore, the court specifically instructed the jury that the burden of proof never shifts from the prosecutor to the defendant, stating "no defendant is required to prove anything".

Defendant would have this Court distinguish *Warren (supra)* on the facts, but defendant's case involves not the possibility of mistake, as in *Warren,* but whether the eyewitness was

lying. If the jury believed the eyewitness's testimony that defendant was on the scene beyond a reasonable doubt, it necessarily rejected defendant's alibi.

Nor is reversal warranted because the court interviewed two sitting jurors in defendant's absence and then dismissed one of them. Defendant's reliance on *People v Sloan* (79 NY2d 386), which did not involve sitting jurors, is misplaced. This Court has consistently rejected claims that a defendant's presence is required at hearings conducted in connection with juror misconduct, provided that defense counsel's presence assured that defendant received a fair and just hearing *(People v Metro,* 173 AD2d 282, 283, *lv denied* 79 NY2d 1004). Moreover, the issue is unpreserved as to juror Williams, in whose discharge defendant acquiesced *(People v Espinal,* 183 AD2d 407, 408, *lv denied* 80 NY2d 830).

The court's ruling excluding the statement that the eyewitness gave the police was not an abuse of discretion *(see, People v Piazza,* 48 NY2d 151, 165), since, despite the fact that the statement was not in evidence, the jury repeatedly heard of the absence of any mention of him therein *(see, People v Johnson,* 176 AD2d 269, *revd on other grounds* 81 NY2d 828).

Defendant's adoption of the previously unsuccessful arguments of his brothers on appeal that the eyewitness was an accomplice as a matter of law is not preserved as a matter of law, and, in any event, is without merit. Since the record permits the inference that the eyewitness was not an accomplice, the issue of her complicity was properly left to the jury *(see, People v Vataj,* 69 NY2d 985, *revg* 121 AD2d 756). Concur —Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.