■ In the Matter of ANGEL Q., a Person Alleged to be a Juvenile Delinquent, Appellant. [599 NYS2d 624] —In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Kings County (Esquirol, J.) dated May 14, 1991, which, upon the fact-finding order of the same court entered April 22, 1991, made after a hearing, finding that appellant committed

acts, which, if committed by an adult, would have constituted the crimes of robbery in the first degree and robbery in the second degree, adjudged him to be a juvenile delinquent and placed him in the custody of the New York State Division of Youth Title III for a period of 12 months. The appeal brings up for review the fact-finding order entered April 22, 1991.

Ordered that the order of disposition is modified, on the law, by vacating the provision finding that the appellant had committed acts which, if committed by an adult, would have constituted the crime of robbery in the first degree, and dismissing that count of the petition; as so modified, the order of disposition is affirmed, without costs or disbursements, and the fact-finding order is modified accordingly.

The presentment agency concedes, and we agree, that there was insufficient evidence to support the finding of the Family Court that the appellant had committed an act, which, if committed by an adult, would constitute robbery in the first degree based upon the appellant using or threatening the immediate use of a dangerous instrument, *i.e.,* a gun *(see,* Penal Law § 160.15 [3]). Since there was no evidence at the hearing that the gun purportedly used in the robbery was loaded, fired, or capable of being fired, or that the appellant did anything with the gun other than press it against the victim's back, the count of the petition charging robbery in the first degree should have been dismissed *(see, People v Seabrooks,* 120 AD2d 691). Mangano, P. J., Rosenblatt, Lawrence, Copertino and Joy, JJ., concur.