■ CHARLES DITTRICH et al., Respondents, v WEST 107TH STREET ASSOCIATES et al., Appellants. [613 NYS2d 14] —Order, Supreme Court, New York County (Joan Lobis, J.), entered August 20, 1993, which granted plaintiffs' motion to dismiss defendants' defense of Statute of Limitations and denied defendants' cross motion for summary judgment dismissing the complaint as barred by the Statute of Limitations, unanimously affirmed, without costs.

We agree with the IAS Court that the June 30, 1993 deadline for commencing certain otherwise time-barred actions under General Municipal Law § 205-e applies to actions, such as this, for injuries caused by a failure to safely maintain premises, i.e., to so-called "on premises", as well as "off-premises", injuries. In so construing the statute, we recognize that the June 30, 1993 deadline was part of an amendment designed to overrule court decisions that had limited the statute to on-premises injuries (see, L 1992, ch 474, § 1), and that police officers, such as plaintiffs, injured on-premises and thus already recognized as covered, were not in need of the ameliorative legislation extending the Statute of Limitations, but, like the IAS Court, we are persuaded by the plain words of the statute, which draw no such distinction between on-premises and off-premises injuries, and thereby indicate a legislative determination that it would be more fair to apply a uniform Statute of Limitations to all plaintiffs, "rather than for the courts to begin drawing arbitrary lines transecting this area's shades of gray" (Hymowitz v Eli Lilly & Co., 73 NY2d 487, 515; cf., Ruotolo v State of New York, 187 AD2d 160, 169, affd 83 NY2d 248). Concur—Sullivan, J. P., Rosenberger, Ellerin and Asch, JJ.