OPINION OF THE COURT
Richard A. Goldberg, J.
On October 12, 1992, in the course of his employment as a police officer, plaintiff Edward K. McNulty was allegedly *220 injured as the result of a slip and fall on a wet subway stairway. Plaintiff instituted this action on June 28, 1993. The complaint, asserting a cause of action under General Municipal Law § 205-e, alleges various statutory violations. Plaintiff failed to file a notice of claim on defendant New York City Transit Authority during the 90 days following the incident, as required by General Municipal Law § 50-e, as a condition precedent to commencing the action. His application to file a late notice of claim was denied by the Honorable Samuel Green-stein of this court on November 29, 1993.
Defendant now moves to dismiss the complaint pursuant to CPLR 3211 for failure to comply with the notice of claim requirement of General Municipal Law § 50-e. In the alternative, if such motion is denied, defendant moves for summary judgment for failure to state a cause of action because the alleged statutory violations cannot be the foundation for a claim under General Municipal Law § 205-e.
Plaintiff responds that the filing of a notice of claim is not a condition precedent for an action brought pursuant to General Municipal Law § 205-e which accrued subsequent to January 1, 1987 but prior to June 30, 1993. Plaintiff also maintains that the alleged violations of the Transit Authority Engineering Guidelines and of Transportation Law § 96 are proper predicates for this action.
The historical "fireman’s rule” (see, Santangelo v State of New York, 71 NY2d 393 [1988]), as applied to police officers, has been partially abrogated by the Legislature to permit such officers to recover for injuries sustained during the course of their employment as a result of another’s violation of statute. General Municipal Law § 205-e became effective July 12, 1989, and, for purposes relevant hereto, was further amended in 1990 to provide for the revival of certain actions following several Appellate Division decisions holding that section 205-e was not to be applied retroactively. (See, e.g., Ruotolo v State of New York, 157 AD2d 452 [1st Dept 1990], lv denied 75 NY2d 710 [1990]), rearg denied 76 NY2d 773 [1990] [Ruotolo I].)
The 1990 amendment to section 205-e provided, in relevant part, that "[notwithstanding any other provision of law, including section * * * 50-e * * * of the general municipal law * * * requiring as a condition precedent to commencement of an action * * * that a notice of claim be filed or presented, every cause of action for the personal injury * * * of a police officer which * * * would have been actionable on or after January 1, 1987 had this section been effective is hereby *221 revived and an action thereon may be commenced at any time provided that such action is commenced on or before June 30, 1991.” (L 1990, ch 762, § 1, eff July 22, 1990.) The statute was further amended in 1992 and in 1994 to extend the time of commencement to, respectively, June 30, 1993, and June 30, 1995. (L 1992, ch 474, § 2, eff July 17, 1992; L 1994, ch 664, § 1, eff Aug. 2, 1994.)
Following enactment of this revised provision, the Appellate Division, First Department, in Ruotolo v State of New York (187 AD2d 160 [2d Dept 1993], affd 83 NY2d 248 [1994] [Ruotolo II]) permitted the previously barred claims made in Ruotolo I to go forward in the Court of Claims. The court noted that the legislative history of the revival statute showed that "its purpose was to ensure that actions by police officers who were killed or injured prior to July 12, 1989, whose causes of action were not time barred or finally adjudicated could be brought under the new law.” (187 AD2d, supra, at 164 [emphasis added].)
In spite of the obstensibly clear language of the statute and the interpretation of the revival amendment by the Ruotolo II Court, plaintiff argues that the 1992 amendment did not simply extend the time for commencing an action to June 30, 1993, but that it completely negated the necessity of filing the notice of claim at all for any claim that could have been brought between January 1, 1987 and June 30, 1993. Such an interpretation flies in the face of the language of the statute as well as statutory intent, judicial interpretation and logic.
The statute (as amended in 1992) specifically revives only those causes of action by a police officer which "would have been actionable on or after January 1, 1987 had this section been effective” and allows such actions to be commenced, without the filing of a notice of claim, on or before June 30, 1993. It clearly has no relevance to actions which accrued after General Municipal Law § 205-e’s effective date of July 12,1989, as such actions do not need to be "revived”. To hold otherwise would be contrary to the legislative intent that this amendment is a "revival” statute which is merely retroactive in its application. It was not intended to be applicable to prospective causes of action. To hold otherwise would create the bizarre result that police officers, alone amongst all persons, would be exempt from the provisions of General Municipal Law §§ 50-e and 50-i for causes of action accruing after July 12, 1989. Such benefit has not even been bestowed on firefighters who comprise the class of persons with whom General Municipal *222 Law § 205-e was expressly designed to create parity. (Ruotolo v State of New York, 83 NY2d 248, 255, [1994] [Ruotolo II], supra.)
While plaintiff relies on Dittrich v West 107th St. Assocs. (205 AD2d 313 [1st Dept 1994]) and various lower court cases which seem to hold otherwise, an analysis of those cases fails to show that in any of them the cause of action actually accrued after July 12, 1989, the effective date of General Municipal Law § 205-e. The statutory amendments of 1990 and 1992 merely extended the time to commence actions accruing between January 1, 1987 and July 12, 1989 to June 30, 1993. Those amendments have no effect on actions accruing between July 12, 1989 and June 30,1993. General Municipal Law § 205-e had already been created by that time and therefore such causes of action did not need to be "revived” nor the time to commence them to be extended.
Although the Appellate Division has not spoken directly on this issue, the Honorable David Goldstein has reached the same conclusion, for much the same reasons, as this court has. (See, Huebner v New York City Tr. Auth., Sup Ct, NY County, Mar. 16, 1995, Goldstein, J., index No. 13987/93.)
Defendant’s motion to dismiss the complaint for failure to file a notice of claim is hereby granted. Because the complaint is being dismissed, this court does not reach the issue of whether the alleged statutory violations may be the predicate for a claim under General Municipal Law § 205-e.
Ordered, that plaintiff’s action is hereby dismissed.