■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v KEVIN MONROE, Appellant. [641 NYS2d 246] —Judgment, Supreme Court, New York County (Budd Goodman, J.), rendered November 18, 1993, convicting defendant, after a jury trial, of

criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 6 to 12 years, unanimously affirmed.

The verdict was not against the weight of the evidence, which depended for the most part upon the credibility of an undercover officer trained to observe the physical appearance of suspects in buy and bust operations. The issues raised by defendant concerning the officer's credibility, including those that arose from inconsistencies in his testimony concerning his drive-by identification, were placed before the jury and we find no reason to disturb its determination (see, People v Albelo, 199 AD2d 79, lv denied 83 NY2d 802). Nor is there merit to defendant's claim of ineffective assistance of counsel. The existing record indicates that counsel acted reasonably in using the suppression hearing as an opportunity to elicit additional material, that counsel's absence when the court vacated defendant's guilty plea did not prejudice defendant since there was nothing that could have been done to alter the outcome (People v Hayes, 191 AD2d 368, 369, lv denied 82 NY2d 719), and that counsel adequately addressed the identification issue and presented a coherent defense. Concur—Ellerin, J. P., Wallach, Kupferman, Williams and Mazzarelli, JJ.