■ DEREK J. HUEBNER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [641 NYS2d 720] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Queens County (Goldstein, J.), dated March 16, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff alleged in his complaint that he was injured on or about June 28, 1992, when, in the course of his employment as a police officer, he fell while running up a stairway in an elevated train station owned by the defendant. The complaint alleged a single cause of action pursuant to General Municipal Law § 205-e. The complaint did not allege that a notice of claim was filed within 90 days following the incident.

The defendant moved for summary judgment contending that the failure to serve a notice of claim was fatal to the plaintiff's action. The Supreme Court granted the motion rejecting the plaintiff's contention that General Municipal Law § 205-e (2) excused his failure to file a notice of claim. We agree.

General Municipal Law § 205-e (2) applies only to actions which accrued between January 1, 1987, and its effective date of July 12, 1989. Since the plaintiff's cause of action accrued on June 28, 1992, he was not exempt from the requirements of Public Authorities Law § 1212 and General Municipal Law § 50-e (*see, Matter of Przybyszewski v City of New York,* 225 AD2d 556; *McNulty v New York City Tr. Auth.,* 166 Misc 2d 219).

In light of this determination, we do not reach the issue of whether the alleged statutory violations suffice to form the basis of an action pursuant to General Municipal Law § 205-e. Thompson, J. P., Joy, Krausman and Florio, JJ., concur.