■ GERALD J. LISCIANDRI et al., Respondents, v CHARLES WHITE et al., Appellants. [655 NYS2d 554] —In an action to recover damages for personal injuries, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated October 4, 1995, as denied their motion to dismiss the plaintiffs' complaint as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the motion to dismiss the complaint is granted.

The plaintiff Gerald J. Lisciandri was allegedly injured on June 24, 1991, in the course of his employment as a police officer. The plaintiffs commenced this action on January 17, 1995, asserting, *inter alia*, a cause of action to recover damages for common-law negligence and a cause of action under General Municipal Law § 205-e.

After issue was joined, the defendants moved to dismiss the complaint as barred by the three-year Statute of Limitations on actions to recover damages for personal injuries (*see*, CPLR 214 [5]). The Supreme Court denied their motion, finding that the plaintiffs' claim had been "revived" pursuant to General Municipal Law § 205-e (2). We disagree.

General Municipal Law § 205-e (2) applies only to actions which accrued between January 1, 1987, and its effective date of July 12, 1989, and has no application to this action (*see, Huebner v New York City Tr. Auth.*, 226 AD2d 678; *Przybyszewski v City of New York*, 225 AD2d 556; *McNulty v New York City Tr. Auth.*, 166 Misc 2d 219). Accordingly, the complaint is dismissed. Bracken, J. P., Miller, Altman and Krausman, JJ., concur.