■ GERARD TURNER, Appellant, v NEW YORK CITY TRANSIT AUTHORITY, Respondent. [683 NYS2d 239] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered August 5, 1997, which denied plaintiff's motion to restore his action to the trial calendar, and granted defendant's cross-motion for summary judgment dismissing plaintiff's complaint for failure to serve and file a notice of claim upon defendant within 90 days from the accrual of his cause of action, unanimously reversed, on the law, without costs, plaintiff's motion granted and defendant's cross-motion for summary judgment denied.

Plaintiff was excused by General Municipal Law § 205-e (2) from the requirement to serve and file a notice of claim on the New York City Transit Authority (NYCTA) within 90 days of the accrual of his cause of action.

The reasoning employed by the IAS Court, and its reliance upon *Huebner v New York City Tr. Auth.* (226 AD2d 678), were rejected by the Court of Appeals in *Schiavone v City of New York* (92 NY2d 308). The Court there disagreed with the Second Department's conclusion that section 205-e of the General Municipal Law applied only to claims arising between January 1, 1987 and July 12, 1989. It ruled that the statute "should be interpreted to encompass any claims, such as plaintiff's, for non-premises-related accidents occurring on or after January 1, 1987, and on or before July 17, 1992, the effective date of the 1992 amendment" (*supra,* at 315).

Plaintiff's claim accrued on November 7, 1989, and his action was commenced June 28, 1993, two days shy of the statute's (former) June 30, 1993 deadline. Consequently, pursuant to the July 17, 1992 amendment to General Municipal Law § 205-e, plaintiff was not required to serve and file a notice of claim upon defendant NYCTA. Concur—Rosenberger, J. P., Williams, Mazzarelli and Saxe, JJ.