■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALLEN ENNIS, Appellant. [692 NYS2d 23] —Judgment, Supreme Court, New York County (Jeffrey Atlas, J.), rendered May 25, 1995, convicting defendant, after a jury trial, of robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 10 years to life, unanimously affirmed.

Although the court's main and supplemental alibi charges did not follow the preferred phrasing for such charges (*see, e.g.,* 1 CJI[NY] 12.10), each of these charges, read as a whole, conveyed the appropriate standards (*see, People v Warren*, 76 NY2d 773; *People v Victor*, 62 NY2d 374). The court repeatedly reminded the jury of the People's burden of proof and the absence of any such burden on the part of defendant. The court's admonition against conjecture about what prompted the alibi witness to give the evidence she gave adequately responded to the deliberating jury's inquiry as to whether false testimony by an alibi witness could constitute affirmative evidence of defendant's guilt.

Defendant was properly adjudicated a persistent violent felony offender. He was precluded from contesting the use of

his 1984 conviction as a predicate conviction since he had previously been adjudicated a second violent felony offender in 1989 based on that conviction and failed to seek review of that adjudication by direct appeal or appropriate postjudgment motion. At the 1989 sentencing defendant was asked directly if he wished to raise any constitutional challenge to the prior conviction and declined to do so. Defense counsel's failure to challenge same under these circumstances did not constitute ineffective assistance of counsel. Viewed in totality, defense counsel provided meaningful representation in connection with the 1989 case (*see, People v Crippa,* 245 AD2d 811, *lv denied* 92 NY2d 850; *see also, People v Johnson,* 236 AD2d 299, *lv denied* 90 NY2d 906).

We have considered and rejected defendant's remaining claims, including those contained in his *pro se* supplemental brief. Concur—Nardelli, J. P., Tom, Mazzarelli, Lerner and Buckley, JJ.