■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHARLES JONES, Appellant. [706 NYS2d 337] —Appeal by the defendant from (1) a judgment of the Supreme Court, Queens County (Eng, J.), rendered May 15, 1997, convicting him of criminal possession of a weapon in the second degree, criminal possession of a weapon in the third degree, and criminal possession of a controlled substance in the fourth degree under Indictment No. 148/95, upon a jury verdict, and imposing sentence, and (2) a judgment of the Supreme Court, Queens County (Katz, J.), rendered April 21, 1998, convicting him of attempted murder in the first degree (two counts), also under Indictment No. 148/95, upon a jury verdict, and imposing sentence.

dant from a judgment of the Supreme Court, Queens County (Katz, J.), rendered February 23, 1998, convicting him of criminal sale of a controlled substance in the third degree, upon a jury verdict, and imposing sentence. The appeal brings up for review the denial (Orgera, J.), of that branch of the defendant's omnibus motion which was to suppress physical evidence.

Ordered that the judgment is affirmed.

The branch of the defendant's motion which was to suppress physical evidence was properly denied without a hearing since his allegations were factually insufficient to support his claim that the police lacked probable cause to arrest him (*see, People v Mendoza,* 82 NY2d 415).

The defendant's contentions regarding the court's failure to instruct the jury as to his alibi defense and alleged errors in other portions of the jury charge are unpreserved for appellate review (*see,* CPL 470.05 [2]). Moreover, we decline to exercise our interest of justice jurisdiction (*see,* CPL 470.15 [3] [c]) given the strong evidence of the defendant's guilt and the fact that the trial court's charge, viewed in its entirety, adequately conveyed to the jury that the prosecution bore the burden of proof (*see, People v Warren,* 76 NY2d 773; *People v Colon,* 122 AD2d 151; *People v Beckles,* 115 AD2d 749).

Under the facts of this case, the sentence imposed was not harsh or excessive (*see,* CPL 470.15 [6]; *People v Suitte,* 90 AD2d 80).

The defendant's remaining contentions are either unpreserved for appellate review or without merit. Santucci, J. P., Joy, Goldstein and Schmidt, JJ., concur.